## Commonwealth v. Alva C. Cochran, Fred. Munk, Joseph Workman, Benjamin Bitner and Williams Queers.

*Liquor law—Selling liquor without a license—Completion of contract.*

An employee of brewers, licensed in Westmoreland county, was employed to make collections in Fayette where he also collected empty beer kegs and returned same to the brewing company. He also solicited orders which were subsequently mailed or delivered by him to his employers and filled from Westmoreland county by the company, but not delivered through him. Held that by reason of the fact that the sale was not complete as between vendor and vendee by the act of such employee, he could not be held guilty of selling liquor without a license.

*Contract—Sale of liquor in adjoining county—Completion of sale.*

The question of liability for violation of the act of June 9, 1891, P. L. 257, in selling liquor without a license must find its solution in the application of principles governing the sale of any other article of trade. A license in Westmoreland county will only protect a vendor of liquor in sales fully perfected in that county, but the mere taking of orders in Fayette county, by an employee of a Westmoreland County brewery, which must be accepted and filled by the company from Westmoreland does not connect the agent with that part of the transaction nor render him liable for the penalty.

Argued March 17 and 18, 1896. Appeal No. 13, March T., 1896, by Fred. Munk, from judgment of Q. S. Fayette Co., Dec. Sess., 1894, No. 111. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Indictment for selling liquor without a license.

The four defendants were indicted for selling liquor without

a license. As to three of the defendants the verdict was not guilty, but as to Fred Munk, the appellant, the verdict was guilty.

The evidence discloses the following practically undisputed facts:

The defendant, Fred Munk, has been employed by the Mt. Pleasant Brewing Co., of Mt. Pleasant, licensed as brewers in Westmoreland Co., Pa., to make collections for them in Fayette county, and return empty beer kegs, in pursuance of which he had within the past two years made such collections in Fayette county and returned empty kegs to said brewing company; while making such collections the defendant did solicit and receive orders for beer in Fayette county, some of which orders he sent by mail and others took in person to the said brewing company, who sent the beer to the parties, after which the defendant went around and collected the money for said beer. Said beer was delivered by the said brewing company by their own drivers on their own wagons or by wagons and drivers hired by them from other parties in Fayette county.

The court, MESTREZAT, P. J., charged the jury as follows:

The counsel for the commonwealth and for Fred Munk, the defendant have agreed upon the facts of this case, and request us to have the same found and returned by you with your verdict. Under these facts, we instruct you to find the defendant, Fred Munk, guilty in manner and form as he stands indicted, and to find and return the facts of the case as agreed upon by counsel. [1]

*Errors assigned* were, (1) charge of the court; (2) sentencing defendant to pay a fine of $500 and undergo imprisonment for three months.

*D. W. McDonald* and *James R. Cray,* for appellant.—The sale is at the place where order is received by the principal, by him accepted and the goods separated from the bulk and set apart for the purchaser: Tegler v. Shipman, 33 Iowa, 194; Com. v. Hess, 148 Pa. 98; Benjamin on Sales, 329; Scudder v. Union National Bank, 91 U. S. 406; Milliken v. Pratt, 8 Cent. L. J. 500. See note to Murphy v. Murphy, 12 A. M. Dec. 475. The sale is complete although the goods are delivered by the vendor

to a common carrier, consigned to the vendee: Tegler v. Shipman, 33 Iowa, 194; Garland v. Lane, 46 N. H. 245; Hill v. Spear, 50 N. H. 253; Sarbecker v. State, 65 Wis. 171; Schuenfeldt v. Junkermann, 20 Fed. Rep. 357; Boothby v. Plaisted, 51 N. H. 436; Garbracht v. Com., 96 Pa. 449.

The Pennsylvania authorities bearing most directly upon this case are the following: Shriver v. Pittsburg, 66 Pa. 446; Garbracht v. Commonwealth, 96 Pa. 449; Com. v. Fleming, 130 Pa. 138; Com. v. Holstine, 132 Pa. 357; Com. v. Hess, 148 Pa. 98; Com. v. Ginader, 148 Pa. 110; Com. v. Brauninger, 148 Pa. 111; Com. v. Kleinmann, 148 Pa. 111; Com. v. Miller, 148 Pa. 113; Com. v. Kepler, 148 Pa. 113.

*R. F. Hopwood, & George B. Jeffries,* district attorney, *S. E. Ewing* with them, for appellee.—On the question of sale, cited Commonwealth v. Hess, 148 Pa. 103; Com. v. Holstine, 132 Pa. 357; Com. v. Fleming, 130 Pa. 138; Benjamin on Sales, 357; Frazier v. Simmons, 139 Mass. 531.

The principal is prima facie liable for acts done by his agent in the general course of business authorized by him, but not for illegal acts done without his knowledge, consent or direction; and the agent cannot excuse himself from liability for acts done in the course and duty of his agency: Commonwealth v. Heffner, 8 Legal Gazette, 166; Nail v. State, 34 Ala. 262; Barnes v. State, 19 Conn. 398; Commonwealth v. Nichols, 51 Mass. 259; Watts v. State, 5 W. Va. 532.

OPINION BY ORLADY, J., April 13, 1896:

This defendant, with four others, was indicted in the quarter sessions of Fayette county, as follows: "At the county aforesaid and within the jurisdiction of this court, unlawfully did sell and offer for sale vinous, spirituous, malt and brewed liquors and admixtures thereof, without having first obtained a license agreeably to the law for that purpose, contrary to the form of the act of the general assembly in such case made and provided, etc."

A verdict of not guilty was returned as against three; one was found guilty and subsequently discharged on his own recognizance, and this defendant found guilty under the following charge of the court:

" The counsel of the commonwealth and for Fred Munk, the defendant, have agreed upon the facts of this case, and request us to have the same found and returned by you with your verdict. Under these facts, we instruct you to find the defendant, Fred. Munk, guilty in manner and form as he stands indicted, and to find and return the facts of the case as agreed upon by counsel."

A verdict was returned as follows:

" We, the jury in the above case, find the defendant, Fred. Munk, guilty in manner and form as he stands indicted, and we find the facts in the case to be as follows: The defendant, Fred Munk, has been employed by the Mt. Pleasant Brewing Co. of Mt. Pleasant, licensed as brewers in Westmoreland Co., Pa., to make collections for them in Fayette county and return empty beer kegs, in pursuance of which he has within the past two years made such collections in Fayette county and returned empty beer kegs to said brewing company. While making such collections the defendant did solicit and receive orders for beer in Fayette county, some of which orders he sent by mail and others took in person to the said brewing company, who sent the beer to the parties, after which the defendant went around and collected the money for said beer; said beer was delivered by the said brewing company by their own drivers on their own wagons, or by wagons and drivers hired by them from other parties in Fayette county."

A motion for a new trial was overruled and this defendant sentenced under the statute.

The special findings of fact furnish the only data from which the case must be decided; whatever facts do not appear therein must be taken not to exist.

The defendant is connected with the sales only in soliciting the orders and receiving the money from the purchasers for his employers. The owner of the beer could accept or reject the order as submitted through Munk; the orders were accepted by the owners, who " sent the beer to the parties." " Said beer was delivered by the said brewing company by their own drivers, on their own wagons, or by wagons and drivers hired by them from other parties in Fayette county." Fred Munk is not in any way connected with the delivery of the beer, and from the agreed-upon facts may not have known of when, how

or where it was delivered. This is vital to the case, and while this question has been before the Supreme Court of this state in as varied forms as the ingenuity of the trade can devise, its solution is to be had in the application of principles governing the sale of any other article of trade. The special findings of fact are not complete as to Munk, though they would be much more serious if applied to the owner of the beer.

Because of the absence of several material items in the transaction, from the time the order was given until the beer was received in Fayette county, we are obliged to hold that the court erred in directing the jury to convict the defendant, and this after a careful examination of Commonwealth v. Fleming, 130 Pa. 138; Commonwealth v. Holstine, 132 Pa. 357; Commonwealth v. Hess, 148 Pa. 98; Commonwealth v. Ginader, 148 Pa. 110.

The license of the Mt. Pleasant Brewing Company would only protect Munk in sales that were fully perfected in Westmoreland county, and while the actual delivery of the beer may have been made in Fayette county, the conceded facts do not in any way connect this defendant with that part of the transaction.

The crucial test of " when the sale was complete between the vendor and vendee " is to be applied to cases of this kind, but it must be borne in mind that every part of such transactions will be severely scrutinized, as in the cases noted there seems to have been an almost studied effort to avoid a penal statute.

The specifications of error are sustained and the judgment is reversed.