Harvey Brownback, Appellant, *v*. Burgess and Town Council of the Borough of North Wales.

194　　609
26 SC　387

194　　609
28 SC　61

194　　609
40SC　55

*Hawkers and peddlers—License—Police regulation—Boroughs.*

A borough ordinance which prohibits " all persons selling or offering for sale at retail in the streets of the borough any goods, wares or merchandise, or any person soliciting orders from house to house for any goods, wares," etc., without payment of a license fee of $12.25 is not prohibitory, but is a reasonable and impartial regulation of business, a proper exercise of the police powers of the state, and is, therefore, valid.

Argued Jan. 29, 1900.　Appeal, No. 236, Jan. T., 1899, by defendant, from judgment of Superior Court, Dec. T., 1898, No. 123, reversing judgment of C. P. Montgomery Co., Oct. T., 1897, No. 171, in favor of defendant, on case stated.　Before GREEN, C. J., McCOLLUM, DEAN, FELL and MESTREZAT, JJ. Affirmed.

Appeal from Superior Court.

The case was reported in 10 Pa. Superior Ct. 227.

It appears from the report of the case in 10 Pa. Superior Ct. that suit was brought against the defendant before a justice of the peace to recover the penalty for a violation of the ordinance of the borough of North Wales providing for the licensing of all persons selling or offering for sale at retail on the streets or soliciting orders from house to house for any goods, wares or merchandise in said borough, and imposing a penalty of $5.00 for selling, offering for sale or soliciting orders without the payment of a license fee of $12.25.

Defendant was a salesman for the Atlantic & Pacific Tea Company, a partnership, having its place of business in the city of Philadelphia.　It paid its mercantile tax for the year, 1897, and previous years.　It had no place of business in the borough and neither the firm nor the defendant had taken out a license, although the defendant had been notified not to sell without a license.　On September 10, 1897, the defendant, as agent and salesman for said tea company, went to the residences of several persons in North Wales and took orders from them for tea, coffee and groceries to be delivered at such residences in two

weeks.    The goods so ordered were packed at the place of business of the said tea company and set apart for the respective purchasers and on September 24, the goods so packed were delivered by the tea company to the defendant at their place of business in the city of Philadelphia in a delivery wagon and were driven by him to the borough of North Wales and there delivered to the respective purchasers at their places of residence.

The justice gave judgment against the defendent for $5.00 with costs of suit.

The court of common pleas, in an opinion reported in 7 Pa. Dist. Rep. 325, set aside the judgment rendered before the justice and entered judgment for the defendant.

Plaintiffs appealed.

The Superior Court reversed the judgment of the common pleas and reinstated the judgment of the justice.

*Error assigned* was the judgment of the Superior Court.

*N. H. Larzelerè*, with him *M. M. Gibson* and *G. R. Fox*, for appellant.

*Montgomery Evans*, with him *James B. Holland* and *John M. Dettra*, for appellee.

PER CURIAM, February 12, 1900:

We concur with the Superior Court in the disposition of this case.    The reasons for the decision of the court are so well and so convincingly expressed in the opinion that we feel we could add nothing to them, and we therefore affirm the judgment of the Superior Court on the opinion filed.

The judgment of the Superior Court is affirmed.