## Mechanicsburg Borough, Appellant, *v.* Koons.

*Boroughs—Hawking and peddling—Police power.*

A borough has authority to require persons canvassing from house to house for the purpose of selling goods, to take out a license, and under the police power delegated by the general borough law of April 3, 1851, P. L. 320, it may impose a penalty for violation of such an ordinance.

A borough ordinance requiring peddlers of various commodities to take out a license is not invalid because it imposes a higher license fee on fish peddlers than on tea peddlers.

A borough ordinance requiring peddlers to take out a license is not invalid because it excepts from its provisions "persons selling their own farm produce."

A borough ordinance requiring peddlers of various commodities to take out a license is invalid if it excepts from its operation "persons selling by sample to manufacturers or to licensed merchants, or to dealers residing or doing business in the said borough."

Argued March 13, 1901. Appeal, No. 4, March T., 1901, by plaintiff, from judgment of C. P. Cumberland Co., Feb. T., 1900, No. 281, on case stated in case of Mechanicsburg Borough v. John Koons. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine the validity of an ordinance.

The material portions of the case stated were as follows:

The borough of Mechanicsburg, plaintiff, is a municipal corporation in the county of Cumberland, and is subject to the act of April 3, 1851.

The defendant is the agent of the Grand Union Tea Company, a copartnership, having its chief place of business in the city of New York, and a branch store in the city of Harrisburg, Pa.

The town council of the said borough of Mechanicsburg, on November 30, 1899, enacted the following ordinance:

"Ordinance, No. 130, relating to the canvassing from house to house, or on the streets, and selling, offering for sale, or soliciting orders for goods, wares, merchandise, etc., by samples or otherwise, and regulating the same.

"Section 1. Be it enacted, etc. That from and after the passage of this ordinance every person canvassing from house to house, or on the public streets, in the borough of Mechanicsburg, Pa., for the purpose of selling, or soliciting orders for, by sample or otherwise, books, pictures, gentlemen's shirts, furnishing goods, or clothing, teas, coffees, fruits, groceries to private houses by wholesale or retail, peddlers of fish, ware, and merchandise of any kind, and all transient dealers in furniture, wagons, carriages or sleighs, shall take out a license from the burgess, and pay the fees hereinafter required, before doing, or offering to do, any business as aforesaid in the borough;

"Provided, that the provisions of this ordinance shall not apply to persons selling by sample to manufacturers, or to licensed merchants, or to dealers residing or doing business in said borough, nor to persons selling their own farm produce.

"Sec. 2. The fees, for licenses under this ordinance, shall be as follows: For book or picture canvassers, one dollar ($1.00) per day; three dollars ($3.00) per week; eight dollars ($8.00) per month; twenty dollars ($20.00) for three months; sixty dollars ($60.00) per year.

"For agents selling, or canvassing, for gentlemen's shirts, furnishing goods or clothing, by sample or otherwise, one dollar and fifty cents ($1.50) per day; four dollars ($4.00) per week; ten dollars ($10.00) per month; twenty-five dollars ($25.00) for three months; seventy-five ($75.00) per year.

"For teas, coffees, groceries, fruits, wares and merchandise, by samples or otherwise, one dollar and fifty cents ($1.50) per day; four dollars ($4.00) per week; ten dollars ($10.00) per month; twenty-five dollars ($25.00) for three months; seventy-five ($75.00) per year.

"For fish peddlers, one dollar ($1.00) per day; two dollars ($2.00) per week; four dollars ($4.00) per month; ten dollars ($10.00) for three months; twenty-five dollars ($25.00) per year.

"For furniture dealers and dealers in wagons, carriages and sleighs, one dollar and fifty cents ($1.50) per day; four dollars ($4.00) per week; ten dollars ($10.00) per month; twenty-five ($25.00) for three months; seventy-five dollars ($75.00) per year.

"And it is further provided, that no license shall be issued for a less period of time than one day.

"Sec. 3. If any person shall be guilty of violating any of the provisions of the foregoing ordinance, and shall be convicted for the same before the burgess, or any justice of the peace of this county, they shall be fined in any sum not less than five dollars ($5.00) nor more than ten dollars ($10.00) with all costs of suit, the same to be collected as similar debts are by law collected.

"Sec. 4. That all ordinances or parts of ordinances inconsistent herewith, except ordinance No. 31, passed March 8, 1875, be, and the same are hereby, repealed.

"F. K. PLOYER,
"President of Council.

"Attest:
"F. L. COOVER, Secretary.
"Mechanicsburg, Pennsylvania, October 26, 1899.
"Approved by Council, November 30, 1899."

The defendant, as the agent of the Grand Union Tea Company, on January 10, 1900, was canvassing from house to house in the borough of Mechanicsburg for the purpose of soliciting orders for tea, and in so doing exhibited samples of the tea offered for sale. After obtaining said orders it was the intention of the defendant to return the same to the Grand Union Tea Company's branch store in the city of Harrisburg, the agent in

charge of which was to complete the sale by delivering at some future time to the persons from whom orders were obtained, such quantities of tea as they had respectively ordered, through the defendant.

The defendant had not, prior to the performance of the acts above set forth, obtained a license from the burgess of the aforesaid borough as required by the said ordinance, but had refused so to do.

This action is brought for the recovery of the penalty of $5.00, for the violation of the said ordinance by the defendant for neglecting and refusing to take out a license as therein required.

The court in an opinion by E. W. BIDDLE, P. J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*H. H. Mercer*, for appellant.—The only question presented in the case is whether the proviso in the first section of the ordinance, viz : " That the provisions of this ordinance shall not apply to persons selling by sample to manufacturers or to licensed merchants, or to dealers residing or doing business in said borough, nor to persons selling their own farm produce," converts the said ordinance from a police into a trade regulation. That it does not is well settled in the case of Borough of Warren v. Geer, 117 Pa. 207, and Titusville v. Brennan, 143 Pa. 642.

So far as the proviso in question regulates the business of selling by sample, it is general in its application, impartial in its operation, it excepts no classes, nor does it constitute any class or classes : North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227 ; Com. v. Gardner, 133 Pa. 290 ; Sayre Borough v. Phillips, 148 Pa. 482; Com. v. Harmel, 166 Pa. 89 ; Irwin Borough v. Douglass, 8 Pa. Dist. Rep. 505.

*Conrad Hambleton*, of *Wetzel & Hambleton*, for appellee.— The ordinance upon which the plaintiff's suit is rested is invalid because it is a trade and not a police regulation.

While professing in its title to regulate canvassing and selling by sample it is silent as to the evil intended to be corrected,

and is without a single provision governing the selection of proper persons in the issuance of licenses or supervising and controlling them after their selection.

The fees charged are exorbitant, indicating an intention to protect the trade of local merchants and dealers.

The regulation is unreasonable, partial in its operation and special in its application, thereby violating all of the requirements of a police measure: Com. v. Snyder, 182 Pa. 632.

OPINION BY W. D. PORTER, J., July 25, 1901 :

The town council of the borough of Mechanicsburg enacted an ordinance requiring every person canvassing from house to house, or on the public streets for the purpose of selling or soliciting orders for, by sample or otherwise, books, teas, fruits, groceries and merchandise of any kind to take out a license, and imposing a penalty for a violation of its terms.   The defendant, as the agent of the Grand Union Tea Company, engaged in the business of canvassing from house to house, in the borough, for the purpose of soliciting orders for teas, and in so doing exhibited samples and entered into contracts for the sale of teas, to be delivered to private consumers at future times.   The chief place of business of the principals employing the defendant was in the city of New York, but they had a branch store in the city of Harrisburg, and the orders taken by the defendant were sent to this branch store, which delivered the goods in any quantity that might be ordered.   The business in which the defendant was engaged was in no way directly connected with interstate commerce.   The defendant had not obtained a license as required by the ordinance, and this action was brought to recover the penalty thereby imposed.   The authority of the borough to require persons canvassing from house to house, for the purpose of selling goods, to take out a license, and to impose a penalty for the violation of such an ordinance is within the police power delegated by the general borough law of April 3, 1851, P. L. 320 : Warren Borough v. Geer, 117 Pa. 207 ; North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227 ; North Wales Borough v. Brownback, 194 Pa. 609 ; Titusville v. Brennan, 143 Pa. 642.

The grounds upon which the defendant challenged the validity of the ordinance were agreed upon between the parties and

set forth in the case stated presented to the court below. "1. It is a trade regulation to protect the merchants of the borough of Mechanicsburg, against all who live beyond the borough limits, and not a police regulation. 2. The provisions of the said ordinance created classes, to one of which the tax provided is applicable, while another class is exempt and is therefore unconstitutional." An argument against the validity of the ordinance has been made in this court which does not seem to have been presented in the court below; it is based upon the fact that one license fee is exacted of peddlers of fish, a different rate is fixed for those canvassing for the sale of books and a third rate for those canvassing from house to house for the sale of teas, other articles specifically mentioned and merchandise generally. It was within the police power of the borough to require those engaged in peddling fish to have a license, in the interests of the public health. The business is one in which the failure to exercise proper care, in the preservation of the commodity from decay, might quickly result in the change of a nutritious article of food into a noxious poison. The taking out of a license serves to identify the dealer and aids the authorities in ascertaining the source from which he derives his supply and his facilities for taking care of it after it has come into his hands. The borough authorities are best able to ascertain the probable cost of the necessary investigation and it is only required that the rate imposed shall not be so excessive as to be fairly deemed unreasonable. Many peddlers of and canvassers for the sale of books, teas and other articles are honest and estimable people but it is a business in which the vagrant, dishonest and violent may readily engage, and its successful pursuit almost necessarily involves an intrusion into the private dwellings of citizens with the incidental opportunities for theft and to observe the means of access for those intent upon future burglary. In order to in some measure guard against these evils and to protect families against incessant annoyance it is within the police power of a borough, for the promotion of good order, to identify those engaged in such business by requiring a license. Most persons know the character of books which they wish to read, but the nonexpert who buys teas from an itinerant merchant may not know what he is getting. When the article peddled is in its nature something which renders imposition easy of accomplish-

ment, a different element enters into the problem, and the public have a right to take measures to assure themselves that those engaged in the business are not utterly irresponsible, by fixing a license rate which will exclude the mere vagrant from a business full of opportunities for fraud. It was competent for the borough authorities to require peddlers of either fish, books or teas to take out a license and to permit peddlers of the other two articles to pursue their traffic without such regulation. The fact that all peddlers of any one of these articles were required to pay the same license fee was requisite to the validity of the ordinance as a police regulation, but the fact that peddlers of teas were required to pay more than peddlers of fish did not destroy the validity of the measure. Uniformity is accomplished when all those who, under like conditions, deal in the same article of commerce are placed upon an equal footing.

A more serious question arises when we come to the consideration of the exception of certain classes of traffic out of the operation of the regulation, which is as follows: "Provided: That the provisions of this ordinance shall not apply to persons selling by sample to manufacturers, or to licensed merchants, or to dealers residing, or doing business in said borough, nor to persons selling their own farm produce." This provision takes out of the operation of the ordinance two classes of sales : 1. Those in which a manufacturer, or dealer residing or doing business in the borough is the purchaser. 2. Those in which a farmer is the vendor of the produce of his own farm. The exemption of farmers selling the produce of their farms is clearly sustainable : New Castle v. Cutler, 15 Pa. Superior Ct. 625. This exemption includes all farmers, wherever they may reside. The exemption of sales made to manufacturers and dealers, residing or doing business in the borough, presents an entirely different question. It will be observed that this exception is based on the place of business, or residence, of the purchaser. The ordinance applies to all vendors without regard to place of residence. There is a very clear distinction between the traveling salesman, or drummer, acting as the intermediary between the importer or wholesale dealer and the local trade; and the itinerant canvasser who goes from house to house, intruding himself into the homes of his prospective customers: Titusville v. Brennan, supra. The exception out

of the operation of the ordinance of sales by traveling sales-
men, of goods to be used in trade, to dealers, or, of supplies for
a manufacturing establishment, to the manufacturer, would be
both valid and reasonable.    In the absence of any provision ex-
empting them such traveling salesmen would not come within
the scope of the ordinance, for they could not be said to be "per-
sons canvassing from house to house, or on the public streets, for
the purpose of selling goods."    The primary reasons for sustain-
ing ordinances regulating peddling, or canvassing from house
to house, do not apply to such traveling salesmen : New Cas-
tle v. Cutler, supra.    The exception now under consideration
cannot, however, be sustained upon this principle for the ex-
ception is so broad in its terms that it would cover all sales
made to a manufacturer or dealer whether they had any rela-
tion to his business or not.    According to the terms of this or-
dinance the itinerant tea merchant without a license may sell
his teas to a manufacturer of or dealer in hardware, at his resi-
dence in Mechanicsburg, while the hardware store or manufac-
tory, which takes this sale out of the operation of the ordinance,
is in Harrisburg.    If this ordinance was intended to protect
the homes of the citizens of the borough from the intrusive
visits of fraudulent peddlers, then the homes of these manufac-
turers and dealers ought not to have been excepted out of its
beneficent provisions.    If we consider it as a tax on the sales
made by peddlers, then there is no reason why the sales made
to a doctor, minister and mechanic should be taxed, while those
made to a manufacturer or merchant go free, for the sales are
all made under like conditions and the exception in the ordi-
nance would cover every sale made by sample to a merchant or
manufacturer, though made at his place of residence and having
no connection with his business whatever.    The ordinance can-
not be sustained by substituting " and " for " or," and thus mak-
ing the exception apply only to sales made to a manufacturer
or dealer residing and doing business in the borough, for that
would be to discriminate between dealers upon the ground of
residence ; and between residents or temporary visitors upon
the ground of location of their place of business : Common-
wealth v. Snyder, 182 Pa. 630.    Should we adopt the reading
of the ordinance suggested, then two furniture dealers might
have had their stores side by side in the borough, one of them

having his place of residence within and the other without the borough limits, and if this defendant had met them upon the street and sold each of them by sample ten pounds of tea, one of the sales would have been a violation of the ordinance and the other would not.   There can be no difficulty in drawing an ordinance which will accomplish all that the borough under its police power is authorized to attempt, and which will apply equally to all those who come within the corporate limits, and which will at the same time leave open the channels of trade through which merchants and manufacturers may receive supplies for their business.   The ordinance in question may have been intended for legitimate purposes, but as drawn it offended against the rule requiring equality and uniformity in regulations of this nature.

The judgment is affirmed.