# Commonwealth *v.* Leslie, Appellant.

*Food law—Oleomargarine—Interstate commerce—Original package—Act of May 5, 1899, P. L. 241—Constitutional law.*

A person may be convicted of selling oleomargarine unlawfully colored in imitation of butter in violation of the Act of May 5, 1899, P. L. 241, where it appears that he solicited orders for the article and received pay for the same at the time the orders were given, that he sent the orders together with the money to a manufacturer in another state, that the manufacturer packed the several parcels ordered in one crate or box and addressed and sent the same to the dealer as "agent" and that the latter distributed the parcels to the several persons who had ordered them. In such a case it is immaterial that the dealer did not receive a commission from the manufacturer.

Where bottles or packages are fastened together and are marked or are packed in a large box, barrel, crate or other receptacle, the outside box, bundle or receptacle, and not any bottle or package contained therein constitutes the original package, and this is true although each bottle or package is separately wrapped in paper, and labeled "original package," with the name of the importer.

Argued March 10, 1902. Appeal, No. 206, Oct. T., 1901, by defendant, from judgment of Q. S. Blair Co., Oct. T., 1900, No. 13, on verdict of guilty in case of Commonwealth v. Leslie. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for selling colored oleomargarine. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in directing verdict of guilty.

*J. D. Hicks*, with him *D. J. Neff*, for appellant.—The package having been ordered by a written order, signed by Lutz, and having peen shipped from Chicago, marked and sold to Lutz, who received it in Pennsylvania, the place of delivery was where the goods were set apart, and delivered to the carrier for the purchaser in Chicago, and the sale .was complete when

the package was set apart from the common stock, packed, marked, and delivered to the carrier, hence there was no sale in Pennsylvania: Garbracht v. Commonwealth, 96 Pa. 449; Com. v. Fleming, 130 Pa. 138; Com. v. Hess, 148 Pa. 101; Dows v. Morse, 17 N. W. Repr. 495.

*Thomas C. Hare,* with him *W. L. Hicks,* for appellee, cited: Valentine v. Packer, 5 Pa. 334; Com. v. Shollenberger, 156 Pa. 201; Keith v. State of Alabama, 10 L. R. A. 430; State v. Winters, 10 L. R. A. 618; Com. v. Vandyke, 13 Pa. Superior Ct. 491; Plumley v. Massachusetts, 155 U. S. 461 (15 Sup. Ct. Repr. 154); Berger v. State, 50 Ark. 20 (6 S. W. Repr. 15); Com. v. Holstine, 132 Pa. 357; Com. v. Kolb, 13 Pa. Superior Ct. 347; Merchants' Nat. Bank v. Bangs, 102 Mass. 291; Dannemiller v. Kirkpatrick, 201 Pa. 218.

OPINION BY ORLADY, J., July 10, 1902:

The defendant was indicted for selling oleomargarine or butterine unlawfully colored in imitation of butter, under Act of May 5, 1899, P. L. 241, which provides as follows: " That no person, firm or corporate body, by himself, herself or themselves, or by his, her or their agents or servants, shall render or manufacture, sell, ship, consign, offer for sale, expose for sale, or have in his, her or their possession, with intent to sell, any article, product or compound made wholly or partly out of any fat, oil or oleaginous substance, or compound thereof, not produced from unadulterated milk or cream from the same, without the admixture or addition of any fat foreign to the said milk or cream, and which shall be in imitation of yellow butter, produced from pure, unadulterated milk or cream of the same, with or without coloring matter."

At the conclusion of the evidence the defendant urged that " under all the evidence in the case the jury must be instructed to find the defendant not guilty; " this was denied by the court and the jury was instructed as follows: " I assume that the testimony is just as Mr. Leslie puts it, and, in consideration of the motion in arrest of judgment, I take his testimony to be true; and I am inclined at the present to think that he is guilty. If all that Mr. Leslie says is true, he is guilty in manner and form as indicted."

Subsequently the motion in arrest of judgment was overruled by the court and the defendant was sentenced to pay a fine of $100 to the commonwealth of Pennsylvania and the costs of prosecution.

The undisputed facts of the case as testified to by Mr. Leslie, the defendant, are as follows : He was a retail dealer in butter, eggs, etc., in the city of Altoona. At the preceding session of the quarter sessions he had pleaded guilty to three indictments in the same court for selling oleomargarine containing coloring matter. Subsequent to this he advertised that he could " supply people with the colored article," and provided printed slips to facilitate the business by transmitting orders for the goods to a Chicago dealer and signed by the customer at his request. When asked for oleomargarine he replied, " We don't handle oleomargarine ; but there is a plan by which we can get it in a few days." As to the paper slip or signed order which was as follows : " To William J. Moxley, Incorporated, Chicage, Ill.: Please ship to my address in care of H. C. Leslie, 10 pounds of butterine, as follows : 10 pound package, Daisy brand, two pound rolls ; ship by Adams Express Company, C. O. D." he said : " As was my custom, on the evening I got it I sent it to Chicago." He further stated : ·" A great many people knew that they could get oleomargarine ; I have made a great many sales by having it known that they could come to me and get it." This order was given to him in his store in Altoona and by him mailed to the Chicago dealer. The article ordered by this particular customer was sent in the same box with a number of others, and shipped to H. C. Leslie, agent. At the time the order was given the customer paid to Leslie $2.00, which was sent by him to the Chicago dealer. The defendant admits that he presumed and supposed that the manufacturer was sending colored oleomargarine, that he advertised it as colored oleomargarine and butterine, and further that the arrangement had been adopted by him to avoid liability under the act of assembly, and that he preferred colored oleomargarine for the reason that he could not sell uncolored oleomargarine in the city of Altoona. He solicited orders for an article, the sale of which was prohibited by law. He received the pay and delivered the product. He devised a "scheme or plan" and advertised for this unlawful

business.   While he did not receive a commission from the Chicago dealer on the particular sale, he made himself a representative, through which relation trade was attracted to his place of business ; and, under the facts as he narrates them, he was a principal in this transaction.   The several articles were not separately set apart as distinct packages, but a number were combined in a crate or box, which, so far as Leslie was concerned, was the original package.   While the bill of lading was directed to Leslie as agent, the principal being undisclosed, yet, under the circumstances as detailed by him, the use of the word " agent " must be held to be a mere expedient to avoid the law.   There was no intention even remotely suggested on the part of the Chicago dealer to reserve his control over the property or promote its delivery into the hands of any particular person, real or fictitious, after it reached the hands of the defendant.   The delivery to the carrier at Chicago was not an appropriation of the oleomargarine under Lutz's proffer to purchase through Leslie.   The sale was consummated at Altoona by the defendant's delivery to Lutz, and on Leslie's own showing the " scheme or plan " was an unmistakable fraud designed and consummated by him.   He calls the transaction " a sale " and as such it must be considered.

A consignment is not an invariable equivalent of delivery, and whether it was intended to operate as such is a question of intention, and that intention must be decided by a consideration of all the circumstances of each case.   No general rule can be laid down by which the question can in all cases be determined: Porter on Bills of Lading, sec. 481.

Where bottles or packages are fastened together and marked or are packed in a larger box, barrel, crate or other receptacle, the outside box, bundle or receptacle, and not any bottle or package contained therein constitutes the original package, and this is true although each bottle or package is separately wrapped in paper, and labeled original package with the name of the importer : 17 Am. & Eng. Ency. of Law (2d ed.), p. 73.

If acts and declarations are any guide to the intentions, this defendant, through his " scheme or plan " arranged to have colored oleomargarine delivered at his store for sale to his customers, for which he received full pay at the time he accepted the order,   His knowledge of the contents of the packages, the

extent of his business and manner of transacting it combine to show that it was a carefully prepared arrangement or device designed and executed by himself to avoid a law which he had recently pleaded guilty to violating. The reasons for the act of assembly and its construction and the liability of offenders, have so recently been passed upon that it is not necessary to repeat them here. See Commonwealth v. Van Dyke, 13 Pa. Superior Ct. 491, 17 Am. & Eng. Ency. of Law (2d ed.), p. 73, Commonwealth v. Schollenberger, 156 Pa. 201, and Dannemiller v. Kirkpatrick, 201 Pa. 218.

The judgment is affirmed.