## Commonwealth v. Guja, Appellant.

*Liquor laws—Place of sale—Agent.*

Under a license to sell liquors a dealer may ship liquor by a carrier or by his own conveyance directly to customers beyond the county in which he is licensed, on orders received in the regular course of business; or on orders obtained outside the county through a solicitor. In such cases the sale is regarded as made at the dealer's place of business, and not in the county of the customer's residence, and this even though the price is to be collected by the carrier on delivery. But when a dealer's agent takes orders in another county, and fills them by delivering liquor furnished him by his employer in the county in which the latter is licensed, it is a violation of law. In such a case the sale is regarded as made when the order is taken and the liquor delivered, and it is immaterial that the packages were labeled by the dealer with the names of the purchasers.

Argued March 7, 1905. Appeal, No. 197, April T., 1905, by defendant, from judgment of Q. S. Indiana Co., Dec. T.,

1904, No. 3, on verdict of guilty in case of Commonwealth v. Alex. Guja.　Before RICE, P. J., ORLADY, SMITH, PORTER and HENDERSON JJ.　Affirmed.

Indictment for selling liquor without a license.　Before WHITE, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* among others was in refusing binding instructions for defendant.

*E. Walter Smith*, with him *A. L. Cole* and *F. Blake Kuntz*, for appellant.—The title to the goods passes, as between vendor and vendee, when the goods are delivered to a common carrier: Commonwealth v. Fleming, 130 Pa. 138; Commonwealth v. Hess, 148 Pa. 98; Garbracht v. Commonwealth, 96 Pa. 449; Ceraline Manufacturing Co. v. Anthracite Beer Co., 25 Pa. Superior Ct. 94.

*George J. Feit*, district attorney, and *John H. Pierce*, for appellee.—The conviction was proper: Com. v. Holstine, 132 Pa. 357; Com. v. Munk, 1 Pa. Superior Ct. 479.

OPINION BY SMITH, J., April 17, 1905:

The sole question here is whether the sales were made by the defendant, in Indiana county, or by the DuBois Brewing Company in Clearfield county.　The trial judge held that this was a question of fact, to be determined by the jury.　This, under the evidence, was as favorable a direction as the defendant was entitled to.

The essential facts of the case stand without contradiction. The defendant solicited orders for beer in Indiana county. When these were obtained he ordered the beer of the DuBois Brewing Company.　The company filled these orders by shipping the beer by rail to a station in Jefferson county, consigned to the defendant, or in his care, with the several cases and kegs labeled with the names of the customers.　The defendant received the beer at the station, and delivered it.　In some cases it was paid for when ordered, in others when delivered, and in some instances later.　But in all cases the purchasers dealt only with the defendant in giving orders and making payment.

Under a license to sell liquors a dealer may ship it by a carrier or by his own conveyance directly to customers beyond the county in which he is licensed, on orders received in the regular course of business : Com. v. Fleming, 130 Pa. 138 ; Com. v. Hess, 148 Pa. 98 ; or on orders obtained outside the county through a solicitor: Garbracht v. Com., 96 Pa. 449 ; Com. v. Munk, 1 Pa. Superior Ct. 479. In such cases the sale is regarded as made at the dealer's place of business, and not in the county of the customer's residence, and this even though the price is to be collected by the carrier on delivery. But when a dealer's agent takes orders in another county, and fills them by delivering liquor furnished him by his employer in the county in which the latter is licensed, it is a violation of law : Com. v. Holstine, 132 Pa. 357. In such case the sale is regarded as made when the order is taken and the liquor delivered.

The case in hand presents all the essential features of Com. v. Holstine with respect to transactions in two counties. The defendant obtained orders in Indiana which he sent to the brewing company in Clearfield. The company sent the liquor by rail, consigned to the defendant, who was the only person with whom it dealt, or of whom it had any knowledge in the premises. The defendant received the liquor at the railroad station, delivered it to the purchasers and received payment. The sales consisted in the order for the liquors, its delivery and payment therefor, all of which took place in Indiana. The sale, in its inception and completion, was a sale made by the defendant in Indiana. The taking of written orders, unintelligible to the purchasers, can be regarded only as a colorable device, intended to give the business the appearance of a transaction between the customers and the brewing company. It was an attempt to evade the plain provisions of the law. The labeling of the packages with the names of the purchasers, while a convenience to the defendant in making deliveries, cannot change the character of the transaction by converting it into a sale by the brewing company directly to the defendant's customers. As to the character of the sale, the case is much like North Wales Boro. v. Brownback, 10 Pa. Superior Ct. 227. There the defendant, as agent for a Philadelphia house, took orders for goods from residents of North Wales, Montgomery

county.  The goods so ordered were delivered to the defendant at the principal's place of business in Philadelphia, separately packed, for the several purchasers, taken by the defendant at North Wales in a wagon, and delivered to the purchasers. This court held that these transactions were sales by the defendant in North Wales, and this view was affirmed by the Supreme Court; Brownback v. North Wales Boro., 194 Pa. 609. See also Com. v. Leslie, 20 Pa. Superior Ct. 529, in the same trend.

Judgment affirmed.