## Borough of Schuylkill Haven v. Manbeck

V. J. Dalton, for plaintiff; Otto E. Farquhar and R. A. Freiler, for defendant.

HOUCK, J., February 18, 1935.—The General Borough Act of May 4, 1927, P. L. 519, applies under section 106 to the Borough of Schuylkill Haven. Section 2470 of the act provides: "Boroughs may manufacture or purchase electricity for the use of the inhabitants of such borough. Boroughs owning or operating electric light plants may make contracts for supplying electricity for commercial purposes outside the limits of such borough, with the consent of the municipal and township authorities, at rates not less than those established from time to time within the limits of such borough. Nothing in this section shall conflict with the corporate rights of any corporation empowered

to supply electricity in territory adjacent to such boroughs, or with the rights of any other borough. No person, firm, or corporation shall introduce electric current for light, heat, or power purposes, without the consent of the borough authorities, into the limits of any borough which is furnishing electric current to the inhabitants: Provided, however, That this section shall not apply to any person, firm, or corporation manufacturing electricity exclusively for its own use."

After the defendant in this action discontinued the borough service and commenced to secure electricity from the Pennsylvania Power & Light Company, the borough filed a complaint with the Public Service Commission against the Pennsylvania Power & Light Company, alleging that it was rendering electric service within the borough in violation of its charter and the law. Manbeck, the defendant here, intervened. The Public Service Commission dismissed the complaint on the ground that the company was not rendering service in the borough inasmuch as the power was delivered to Manbeck in North Manheim Township, within the company's charter territory. The commission held that it could not prevent introduction of current into the borough by the intervenor since his introduction of the current and his use within the borough is private in character and beyond the control of the Public Service Commission. No appeal was taken from the commission's order dismissing the complaint. Instead, the borough filed the present bill to restrain defendant from introducing electric current into the borough limits. Plaintiff is not precluded by the commission's action which was based upon the proposition of lack of jurisdiction.

It may be conceded that defendant's purchase of electric current from the Pennsylvania Power & Light Company in North Manheim Township is legal. Neither can it be denied that defendant is introducing some of this current into the limits of the borough without the consent of the borough authorities. Hence, the question in the case is whether defendant may introduce this current, lawfully acquired, into the borough limits for use exclusively by him in the prosecution of his business, which is private in character. The plaintiff contends that defendant's conduct is expressly prohibited by The General Borough Act in its provision that no person, firm or corporation shall introduce electric current, without the consent of the borough authorities, into the limits of the borough. The defendant's contention is that the statute is to be construed as meaning that no private utility may introduce electric current into the limits of the borough for the purposes of resale and that, if construed as prohibiting an individual from introducing electric current for his own use, the title of The General Borough Act is defective, and the section in question is unconstitutional as a deprivation of property without due process of law and as special legislation. Obviously, the section may not be construed as suggested by defendant. Such a construction would entirely change the plain meaning of the words employed. If the legislature intended to say that no utility company may introduce current into a borough for purposes of resale, apt language was readily available. Furthermore, so construed, the section would be meaningless, because every consumer within the borough would then be permitted to introduce current no matter where obtained, provided he intended to use it solely for his own purposes and not for purposes of resale. The legislative intention must be derived from the language used, and the language used can mean only that no person, firm or corporation shall introduce electric current for light, heat or power purposes into the limits of a borough which is furnishing electric current to its inhabitants. Consequently, the only

question in the case is whether or not this section of The General Borough Act is constitutional.

The defendant raises the point of unconstitutionality and the burden is his to establish it. The section is not to be stricken down on this ground unless it clearly appears that it is violative of either the Federal or State Constitution, or both. The argument is that the section offends against the fourteenth amendment to the Constitution of the United States and article I, sec. 9, of the Constitution of Pennsylvania, in that it deprives defendant of his liberty and property without due process of law. It is somewhat difficult to see how defendant is deprived of any property. If the electric current be considered property, it does not become defendant's property until he purchases it. The statute does not deprive him of this property; it simply restricts him in the use of it. He is not deprived of his business nor is he hampered in the operation of it. He may manufacture his own current or he may purchase it from the borough. But even if the act does deprive him of property, or if it limits his liberty by restricting him in the use of his property, such deprivation results from the exercise of the State's police power and is not unconstitutional.

The sale of electric current can be rationally dealt in only by a monopoly, and the Public Service Commission, an agent of the legislature, has declared the policy of the Commonwealth to be an avoidance of destructive competition between electric light companies: Relief Electric Light, Heat & Power Company's Petition, 63 Pa. Superior Ct. 1, 10; Jenkins Township v. Public Service Commission, 65 Pa. Superior Ct. 122; Harmony Electric Company v. Public Service Commission, 78 Pa. Superior Ct. 271, 282. It is established beyond doubt that the Public Service Commission may lawfully restrict public utility companies from competing with others in designated territory. Its action in so doing is upheld because it acts as an agent of the leglislature, clothed for appropriate purposes with the police power of the Commonwealth. If an agent of the legislature may declare and enforce the settled policy of the Commonwealth, certainly the legislature itself may do so. Therefore, when the legislature restricts the supply of electric current within a municipality to the municipality itself, it is declaring the public policy of the Commonwealth and is granting an exclusive privilege or franchise or a monopoly. Such action is justifiable under the police power, which, of course, is not restricted by the Federal Constitution: Slaughter-House Cases, 83 U. S. 36; Munn v. Illinois, 94 U. S. 113. As said in the Relief Company case, supra, at page 8, "Uncompensated obedience to a regulation enacted for the public welfare or safety under the police power of the State, is not a taking of property without due compensation or process of law: New Orleans Gas Company v. Drainage Co., 197 U. S. 453." The conclusion is that the legislature may, under the police power, regulate the furnishing and supply of electric current, and its regulation may extend to the creation of a monopoly.

Since the legislature may create a monopoly and may vest it in a municipality, the manner of its enforcement is incidental. The fact that the means adopted to accomplish the end may operate upon individuals rather than upon public utility companies exclusively, does not render the means adopted unconstitutional. If the end be legitimate, and it is, all means which are appropriate to accomplish that end are constitutional: M'Culloch v. State of Maryland et al., 17 U. S. 316. It is inevitable that in the exercise of the police power the rights of individuals should be affected. Many instances may be found in which the statute acts directly on the individual. "But neither property rights nor contract rights are absolute; for government cannot exist if the citizen may at will use his property to the detriment of his fellows, or exercise his freedom of

contract to work them harm. Equally fundamental with the private right is that of the public to regulate it in the common interest. . . . The state may control the use of property in various ways; may prohibit advertising bill boards except of a prescribed size and location, or their use for certain kinds of advertising; may in certain circumstances authorize encroachments by party walls in cities; may fix the height of buildings, the character of materials, and methods of construction, the adjoining area which must be left open, and may exclude from residential sections offensive trades, industries and structures likely injuriously to affect the public health or safety; or may establish zones within which certain types of buildings or businesses are permitted and others excluded": Nebbia v. New York, 291 U. S. 502, 523, 525, 78 L. Ed. 563. So, in order to accomplish its purpose to restrict the supply of electric current in a certain area to a single manufacturer, the legislature may constitutionally prohibit an individual from introducing current into that area. I find nothing in section 2470 of The General Borough Act which contravenes the due process clause of either the State or Federal Constitution.

It is a fact that it is more practical for defendant to operate his plants with current obtained from a single producer; that the service rendered by the Pennsylvania Power & Light Company is more satisfactory and efficient for his purposes; and that it is more economical for him to purchase his current from that company. It may be impractical for one situated as defendant is to be obliged to obtain current from different sources, and the consumer may find that the current supplied by a utility company is more efficient and satisfactory than that furnished by the municipality, but the remedy in such instances rests with the legislature and not with the courts. The rates of the municipal plant are not within the control of the Public Service Commission, but this does not mean that defendant is without protection again exorbitant rates. The rates charged by the municipality are within the control of equity and the manner in which they are to be ascertained has been rather clearly defined: Barnes Laundry Co. v. Pittsburgh et al., 266 Pa. 24; Shirk v. Lancaster City, 313 Pa. 158. None of these facts, however, have any weight in determining the constitutionality of the enactment. The defendant relies on Bland v. Tipton Water Company, 222 Pa. 285, but that case has no application to the facts here presented.

The other constitutional objections interposed by defendant are rather tenuous. He alleges that the title to The General Borough Act is defective. No reason is stated, nor is any authority cited. The act is entitled "An Act Concerning boroughs, and revising, amending, and consolidating the law relating to boroughs." No argument is necessary to show that the title is sufficient: Commonwealth, ex rel., v. Macelwee et al., 294 Pa. 569, 571; Retirement Board of Allegheny County v. McGovern et al., 316 Pa. 161, 165. The act is not special legislation in favor of a municipal corporation as against a private corporation. Such classification is always permissible. Nor does it make an improper classification between a consumer manufacturing his own current and one purchasing current by exempting from the provisions of the section in question any person, firm or corporation manufacturing electricity exclusively for its own use. The defendant cites no authority in support of his contention on these grounds. The decided cases establish that the contention is untenable. We are dealing with a police regulation and the mere fact that the statute creates classifications is not of itself a sound objection to its validity. It has long been held that where such classification is not arbitrary but rests upon natural and substantial grounds, the recognition of which is reasonably necessary for the

well-being of the community, it is permissible and will be upheld. "The rule on the subject, . . . as laid down by the supreme court of the United States in Barbier v. Connolly, 113 U. S. 27, is as follows: 'In police regulations, classification must always rest on some real difference which bears a reasonable and just relation to the act in respect of which the classification is proposed. In other words, none should be exempted from the operation of the law for reasons purely arbitrary, fantastical, sentimental, or based on favor.' The decisions of the courts of our own state are in thorough harmony with this": Phœnixville Borough v. Eyrich, 42 Pa. Superior Ct. 241, 243. Classification is a legislative question and, if the distinctions are genuine, the courts cannot declare the classification void, though they may not consider it to be on a sound basis. The test is, not wisdom, but good faith in the classification: Commonwealth v. Grossman, 248 Pa. 11, 15; see also Mechanicsburg Borough v. Koons, 18 Pa. Superior Ct. 131; Commonwealth v. Brinton, 132 Pa. 69; Commonwealth v. McDermott, 296 Pa. 299. A distinction between consumers of electric current who purchase it from others and those who manufacture it themselves is purely a legislative question and such distinction is not arbitrary. It follows that the statute is not unconstitutional on any of the grounds relied on by defendant.

Since section 2470 of The General Borough Act is constitutional, defendant is prohibited from introducing electric current into the limits of the borough without the consent of the municipal authorities and his action in so doing is unlawful and must be restrained.

### Conclusions of law

1. The provisions of the Act of April 3, 1851, P. L. 320, were applied to the Borough of Schuylkill Haven by the Act of March 23, 1859, P. L. 212. Therefore, by section 106 of The General Borough Act of May 4, 1927, P. L. 519, The General Borough Act applies to the Borough of Schuylkill Haven, plaintiff herein.

2. By virtue of section 2470 of The General Borough Act of 1927, it is unlawful for any person, firm or corporation, except those manufacturing electricity exclusively for their own use, to introduce electric current for light, heat or power purposes into the limits of the Borough of Schuylkill Haven without the consent of the borough authorities.

3. Section 2470 of The General Borough Act of 1927 is constitutional and the title of said act is not defective.

4. Since October, 1933, the defendant, Charles D. Manbeck, has been purchasing electric current from the Pennsylvania Power & Light Company in North Manheim Township, Schuylkill County, some of which he has been and still is introducing into the limits of the Borough of Schuylkill Haven for light, heat or power purposes without the consent of the borough authorities; such introduction of electric current into the limits of plaintiff borough is unlawful.

5. Equity has jurisdiction to restrain an individual from unlawfully introducing electric current for his own use into the limits of plaintiff borough.

6. Plaintiff is entitled to equitable relief perpetually restraining defendant by injunction from unlawfully introducing electric current for light, heat or power purposes into the limits of the Borough of Schuylkill Haven.

7. The defendant must pay the costs.

### Decree nisi

And now, February 18, 1935, upon consideration of the foregoing case by the chancellor, it is ordered, adjudged and decreed nisi as follows: that Charles

D. Manbeck, defendant, his servants, agents and employes be perpetually restrained from unlawfully introducing electric current for light, heat or power purposes into the limits of the Borough of Schuylkill Haven, and that the defendant pay the costs of this proceeding.

From M. M. Burke, Shenandoah, Pa.