INHABITANTS OF WRENTHAM vs. NATHAN H. FALES.

Norfolk.    January 29, 1904. — May 18, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*School.    Contract,* Validity.    *Statute,* Repeal.

A contract, made while St. 1894, c. 498, § 8, was in force, by a resident of a town in this Commonwealth with another town therein to pay for the tuition of his children attending school in the latter town with the consent of the school committee of that town is valid.

The rule, that a statutory right of action is taken away by a repeal of the statute without a saving clause, does not apply to a right of action on an express contract valid by reason of the first statute and made while that statute was in force.

CONTRACT for $134.30, with interest thereon from the date of demand, alleged to be due to the town of Wrentham for thirty-eight weeks, beginning in September, 1896, and ending in June, 1897, for the tuition of two children of the defendant, a resident of the town of Norfolk, attending school in Wrentham with the consent of the school committee of that town first obtained as required by St. 1894, c. 498, § 8, for which the defendant promised and agreed to pay.    Writ dated April 15, 1903.

In the Superior Court the case was submitted on an agreed statement of facts.    That court gave judgment for the plaintiff in the sum of $140.96; and the defendant appealed.

*H. E. Ruggles,* for the defendant.

*E. J. Whitaker,* for the plaintiff.

HAMMOND, J.    The defendant, a resident of the town of Norfolk, applied to the school committee of Wrentham for permission to have his children· admitted to the public schools of the latter town, and, upon his express promise to pay for such schooling, permission was granted and the children attended the schools for many weeks.    After having received in full the benefit for which he thus agreed to pay, the defendant declines to pay upon the ground that the contract was invalid in that the town could not legally enter into it.    The chief question here is whether the defence of illegality is well taken.

" The laws of this Commonwealth for the establishment and maintenance of public schools are designed to provide schools in each town or district for the benefit of the inhabitants thereof, and not for the benefit of residents in other towns or districts. It is only in a few exceptional cases, specified by statute, that the inhabitants of one town can send their children to the public schools in any other town; and, except in such cases and upon such conditions as are thus provided by law, towns have no authority to open their schools to children of the inhabitants of other towns. If they do receive children from other towns, in violation of law, they cannot maintain any action against the parents of such children for their tuition, even if there is an express contract to pay it. Such a contract, being founded upon illegality, cannot be enforced." Morton, J. in *Haverhill* v. *Gale,* 103 Mass. 104, 105. Both parties concede these general principles, but the plaintiff contends that this case falls within the provisions of St. 1894, c. 498, § 8. The question reduced to its lowest terms therefore is, whether this section covers this case.

It is as follows: " Children may, with the consent of the school committee first obtained, attend schools in cities and towns other than those in which their parents or guardians reside; but when a child resides in a city or town different from that of the residence of the parent or guardian, for the sole purpose of attending school there, the parent or guardian of such child shall be liable to pay such city or town for tuition, a sum equal to the average expense per scholar for the period during which the child so attends."

The contention of the plaintiff is that the first part of this section authorizes the school committee of any town to permit the children of another town within this State to attend school in the former; and that such being the case a special contract between such school committee and the parent of the children that he shall pay for such schooling contemplates no violation of law and is not illegal. The contention of the defendant is, first, that the statute does not authorize the children of one town to attend the schools of another town; second, that even if it does, the school committee of the town in which the parent resides, and not that in which the child attends school, is the one whose consent must first be obtained; and third, that it clearly appears

from the reading of the whole section that liability to pay attaches only in a case where the "child resides in a city or town different from that of the residence of the parent or guardian, for the sole purpose of attending school there."

The language of the first part of the statute is very broad, and we think covers the case of children whose parents reside in this Commonwealth. In *Haverhill* v. *Gale, ubi supra,* the defendant resided in the State of New Hampshire, and the case was decided in his favor upon the ground that the section upon which the plaintiff there relied, which, so far as material to this point, was like St. 1894, c. 498, § 8, the one now under consideration, was "to be construed in connection with the system of legislation of which it forms a part; and applies only to the children of parents who reside within the Commonwealth."

We think it plain also, that the school committee whose consent is required must be that of the town in which is situated the school which the child desires to attend. The interpretation for which the defendant contends would subject the schools of any one town to a liability to be overrun by children residing in adjoining towns at the will of the various school committees of such adjoining towns, and would seriously interfere with the supervision of the schools of a town by its own school committee. Such a view of the statute is inconsistent with the general policy that the schools of any one town shall be under the supervision of the school committee of that town, is unreasonable, and is not to be adopted except upon the clearest expression of legislative intention to that effect. It follows that the children of the defendant were legally in the schools of Wrentham, so long, at least, as this statute stood.

As to the third contention of the defendant that a liability to pay attaches only in the case where the "child resides in a city or town different from that of the residence of the parent or guardian, for the sole purpose of attending school there," it is to be noted that the liability to enforce which this suit is brought is not one imposed by statute, but one arising out of an express contract of the defendant. Even if the statute imposed no liability upon the defendant, an express contract upon his part is not thereby necessarily illegal. The question is not whether the statute imposes upon him a liability, but whether it permits him

to impose one upon himself. The contract, as we have seen, under which he sent his children to school, contemplated no violation of law. The school committee of Wrentham made it possible for the defendant to send his children to the schools of that town under the law, and hence so far as appears there is no illegality in the contract.

It is further urged by the defendant that even if the contract was valid, no action can now be maintained upon it because the statute which we have been considering was repealed by St. 1898, c. 496, § 36, and there was no saving clause ; and he relies upon the principle that where a statutory right of action is given the repeal of the statute without a saving clause destroys the right. But this principle is not applicable. The right of action in this case does not depend upon a statute, but upon an express contract of the defendant, and therefore is to be enforced under the rules applicable generally to contracts.

It is also urged that after the repealing statute of St. 1898, c. 496, the children were not legally in the schools of Wrentham, and the defendant cannot legally be held for the time after that statute went into effect. We have not found it necessary to consider this point because under the stipulation of the parties it does not seem open to the defendant in this court.

As we are of opinion that " the plaintiffs are entitled to recover," judgment in accordance with the terms of the stipulation is to be entered for the plaintiffs, $140.96, with interest from the date of the writ ; and it is

*So ordered.*