## Commonwealth *v.* Wormser, Appellant.

*Constitutional law—Bill of rights—Fifth Amendment of the Constitution of the United States—Act of May 13, 1915, P. L. 286 —Employment of minors.*

The Act of May 13, 1915, P. L. 286, regulating the employment of minors is constitutional, and does not contravene the bill of

rights of this State or the Fifth Amendment of the Constitution of the United States.

It is within the authority of the legislature to provide that children under the age of sixteen shall not be employed in factories at night.

There is nothing incompatible with personal rights in a regulation that no minor shall be employed to work in any establishment unless an employment certificate has been issued as provided by the Act of May 13, 1915, P. L. 286.

Argued April 25, 1917.  Appeal, No. 96, April T., 1917, by defendant, from order of County Court of Allegheny County, No. 816, of 1916, Commonwealth Docket, affirming summary conviction before a magistrate in case of Commonwealth v. Joseph Wormser.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Appeal from summary conviction before a magistrate. Before DREW, J.

From the record it appeared that the defendant was convicted before Magistrate John J. Sweeney on two counts of an information which charged as follows:

On or about the 17th day of May, 1916, said Joseph Wormser, being then and there within said school district and the agent or manager of said Wormser Glass Company, did employ or permit one, James Fox, being then and there in affiant's judgment, a minor child under the age of sixteen years, to work in, about, or in connection with the factory or establishment aforesaid, and within said school district, without an employment certificate, contrary to the provisions of an act of the general assembly of the Commonwealth of Pennsylvania, in such case made and provided.

And said Charles Reisfar, Jr., does on his oath further complain and say that said Joseph Wormser, as agent or manager of the said Wormser Glass Company, did employ or permit the said James Fox to work in, about, or in connection with the factory or establishment afore-

Assignment of Error—Opinion of the Court. [67 Pa. Superior Ct.

said, and within said school district, before six o'clock in the morning and after eight o'clock in the evening, contrary to the provisions of an act of the general assembly of the Commonwealth of Pennsylvania, in such case made and provided.

The court affirmed the summary conviction.

*Error assigned* was the order of the court.

*Morton Hunter,* for appellant.—The act is unconstitutional: Com. v. Brown, 8 Pa. Superior Ct. 339; Com. v. McComb, 39 Pa. Superior Ct. 411; Com. v. Beatty, 15 Pa. Superior Ct. 5; Collett v. Scott, 30 Pa. Superior Ct. 430; Ayars' App., 122 Pa. 266; Sample v. Pittsburgh, 212 Pa. 533.

*J. Rodgers McCreery,* for appellee, cited: Minsinger v. Rau, 236 Pa. 327; Gottschall v. Campbell, 234 Pa. 347; Com. v. Beatty, 15 Pa. Superior Ct. 5.

OPINION BY HENDERSON, J., July 13, 1917:

This proceeding was instituted against the appellant before a magistrate in the City of Pittsburgh for the violation of Section 4 of the Act of May 13, 1915, P. L. 286, regulating the employment of minors. The defendant was convicted on his own admission that he had employed a boy under sixteen years of age at the glass factory of which he was manager, before six o'clock in the morning and after eight o'clock in the evening and that he employed the said minor in his establishment without having procured an employment certificate. He contends on this appeal that he has a right to employ such minor without an employment certificate and in the nighttime because the act of assembly is unconstitutional. Appeal is made to the bill of rights of this State and to the Fifth Amendment of the Constitution of the United States affirming the freedom of all men and the exemption from liability of any person without due

process of law.   The act, it is said, deprives the employer and the minor equally of the freedom to contract and to obtain work and is, therefore, forbidden by the Constitution of this State and of the United States.   The statute in question was enacted under the general police power of the Commonwealth.   Its object is declared to be "to provide for the health, safety and welfare of minors" and it is too clear for discussion that this is an appropriate subject for legislative action not only in the exercise by the Commonwealth of its authority as parens patriæ but also of the inalicnable power to enact such laws as promote the health, morals and general welfare of the people.   In determining the validity of a statute enacted under the police power the question is, does the regulation subserve a reasonable public purpose.   Regulations of the affairs of a state tending to promote such an object are within the clear power of the state and should be upheld.   The Constitution of the State permits the legislature to enact all laws which are not forbidden by its letter or spirit.   It is necessary, therefore, to point to some provision of the Constitution which fairly and clearly prohibits the legislation in order to avoid its effect.   A large discretion is necessarily vested in the legislature not only with respect to the welfare of the people but also with respect to the means necessary to promote it.   In Crouse Case, 4 Whar. 9, the court held that the right of parental control was a natural but not an inalienable one; that the public had a paramount interest in the virtue and knowledge of its citizens and that of strict right the business of education belongs to it. This doctrine has not been departed from as is abundantly shown in the numerous statutes affecting the status not only of children but of adults with respect to hours of labor, the character of the employment and the education of the youth of the Commonwealth.   The principle was fully discussed in Com. v. Beatty, 15 Pa. Superior Ct. 5.   That case involved the constitutionality of the Act of April 29, 1897, P. L. 30, regulating the em-

ployment and providing for the health and safety of men, women and children in manufacturing establishments, etc., and the power of the Commonwealth was held to be adequate to enact the legislation under consideration. The fact that legislation of this character is of comparatively recent origin is not an argument against its validity. Law is an expanding science and the social order is in a constant process of evolution. That may become an important subject of legislation in the present condition of society which was ignored or regarded a matter of little consequence in years gone by. It is too late to contend that reasonable supervision by the State of the time and conditions of service of employees of industrial establishments is a matter resting wholly on the consent of the employer and the employed. Federal laws and the legislation of perhaps every state of the Union show the trend of modern thought and the popular judgment that the interest of the present and future generations demands such legal supervision as may best promote not only the individual but the general welfare. What is a reasonable time within which children should be excluded from places of labor is a legislative question. It can hardly be contended that the State is without authority to protect persons of immature years from exposure to the danger and exhausting toil of factories and nothing has been brought to our attention which leads us to the conclusion that the period fixed by the statute is arbitrary and unreasonable. It was clearly within the authority of the legislature to provide that children under the age of sixteen should not be employed in factories at night at which time their highest mental and physical interests require that they have rest and sleep.

We find nothing incompatible with personal rights in the regulation that no minor shall be employed to work in any establishment unless an employment certificate has been issued as provided by the statute. This legislation has reference to the education of the boys and

girls of the Commonwealth who are of school age, and education is a subject with reference to which the Commonwealth has authority to prescribe.  It is intimately connected with the good order and welfare of the people and is one of the chief subjects of governmental interest and care.  The State having fixed the ages within which' minors can work, the right to regulate the reasonable conditions of employment necessarily follows.  The general employment certificates were intended to apply to those persons whose proficiency in school had been, of such a character that the supplementary education provided for in the statute could take the place of that provided for in the general school system of the State.  Such a classification is not unreasonable but on the contrary is well adapted to accomplish the result intended, that is, to permit minors over fourteen years of age whose education is sufficiently advanced to work at industrial employment.  We do not find anything in the provisions of the statute to which the appellant objects which would render it invalid.

The assignments are overruled and the judgment affirmed.