## Child Labor Law.

*Child labor—Children engaged in theatrical work—Resident and non-resident children—Industrial Board—Discretion—Act of May 13, 1915.*

1. No child under fourteen years of age may be permitted to engage in theatrical, concert or other like work in this Commonwealth, irrespective of the state of his residence.

2. Nor may any child between fourteen and sixteen years of age who is a resident of this Commonwealth engage in such work in this State without procuring an employment certificate from the school authorities as required by the Child Labor Law of May 13, 1915, P. L. 286.

3. Non-resident minors between fourteen and sixteen years of age who seek employment in this Commonwealth, whether regular or transient, may be employed because they cannot be compelled to furnish an employment certificate, since they cannot be permitted, much less compelled, by reason of article iv, section 2, of, and the 14th Amendment to, the Constitution of the United States, to attend Pennsylvania schools.

4. No minor between fourteen and sixteen years of age may work after 8 o'clock in the evening of the same day.

5. The Industrial Board can make no exceptions and can grant no exemptions from the application of the act.

Department of Justice. Opinion to Hon. Charles A. Waters, Secretary of Labor and Industry.

Koch, Dep. Att'y-Gen., May 24, 1927.—Your letter of March 31, 1927, inquires whether the Child Labor Law (Act of May 13, 1915, P. L. 286)

Child Labor Law.

applies to children engaged in theatrical, musical or artistic work. You also inquire whether your department has any discretionary power in handling cases which it feels are worthy of especial consideration; in other words, whether you can suspend the operation of the law in particular cases where you feel that to apply the law strictly would work a hardship and do an injury.

As I view the law, children, under its provisions, fall into three classes:

1. Children under fourteen years of age, whether residents or non-residents of Pennsylvania, whose employment or work is within this State.

2. Children between fourteen and sixteen years of age who work in Pennsylvania and who are residents of this State.

3. Children between fourteen and sixteen years of age who work in Pennsylvania, but are non-residents of this State.

Section 2 of the Act of May 13, 1915, P. L. 286, provides as follows: "No minor under fourteen years of age shall be employed or permitted to work in, about or in connection with, any establishment or in any occupation."

For the purpose of this discussion, we shall read this section for the time being as follows: "No minor under fourteen years of age shall be permitted to work in . . . any occupation."

I am aware that the argument has frequently been advanced that children engaged in theatrical, musical or artistic effort are not at work.

The Supreme Court of Massachusetts, in the case of Commonwealth of Massachusetts v. Griffith, 204 Mass. 18, 90 N. E. Repr. 394, 25 L. R. A. (New Series) 957, had before it for construction a statute forbidding children to work after 7 o'clock in the evening. That case involved children engaged in stage work. The contention was advanced that the law was limited in its application to employment in a factory, workshop or mercantile establishment, and that stage performances were not work. On this contention, Chief Justice Knowlton said:

". . . The statute was intended to protect children from employment calling for constant attention, regular effort and physical or mental strain, to accomplish the desired result. The word 'work' is of broad signification. One of its primary meanings, as it is defined in Webster's International Dictionary, is 'effort directed to an end,' and the author quotes, from Shakespeare, Portia's call: 'Come on, Nerissa; I have work in hand that you yet know not of.'

"The object of the statute forbids restriction of the word to a narrow meaning."

On Dec. 9, 1918, Honorable Francis Shunk Brown, Attorney-General, rendered an opinion (Opinions, 1917-1918, page 550), in which he advised that the Child Labor Act of May 13, 1915, forbade the employment of minors under sixteen years of age in theatrical work, unless such minors had employment certificates, duly issued under the provisions of section 8 of said act.

That the legislature regarded children in theatrical life as within the prohibition of section 2 of the Act of 1915 is probably best evidenced by the action of that body in the session of 1921. At that session, House Bill No. 1320 was duly passed, the effect of which would have been to amend section 1 of the Child Labor Law of 1915 by the addition of the italic words in the proviso concluding section 1: "Provided, that this act shall not apply to children employed on the farm, in domestic service in private homes *or to children employed on the stage of theatres, with the approval of the Industrial Board of the Department of Labor and Industry.*"

## Child Labor Law.

On May 18, 1921; Governor Sproul vetoed this bill (Vetoes, 1921, page 47), saying: "I think it unwise to weaken the child labor laws at any point. To give exemption therefrom to children employed on the stage would certainly impair the general efficacy of these protective statutes."

It is, therefore, my opinion that, under the law as it now stands, no child under fourteen years of age may be permitted, under any circumstances, to engage in theatrical, concert or other like work in this Commonwealth. Those who claim, and with some show of reason, that this act tends frequently to nip budding genius must look to the legislature, and to it alone, for relief from the present situation.

Nor is there any doubt in my mind that no child between fourteen and sixteen years of age, who is a resident of the Commonwealth of Pennsylvania, may engage in theatrical work in the State without procuring an employment certificate as required by the provisions of the Child Labor Law of 1915, nor may your department set aside this provision of the law to meet the exigencies of any individual case.

A more difficult question arises in regard to non-resident minors between fourteen and sixteen years of age when such minors are engaged in the State of Pennsylvania in theatrical work.

Article x, section 1, of the Constitution of Pennsylvania provides for the maintenance and support of a thorough and efficient system of public schools wherein all the children of this Commonwealth above the age of six years may be educated. The privileges of our public schools are accorded only to children resident within the Commonwealth.

In the case of Com. v. Wormser, 260 Pa. 44, the Supreme Court of Pennsylvania declared constitutional the Child Labor Law of 1915. The court held, affirming the Superior Court (67 Pa. Superior Ct. 444), that the Child Labor Law was a reasonable exercise of the police power of the Commonwealth, and that it did not contravene the bill of rights of this State, nor the 5th Amendment to the Constitution of the United States. At page 48, the court said: "We find nothing incompatible with personal rights in the regulation that no minor shall be employed to work in any establishment unless an employment certificate has been issued, as provided by the statute. This legislation has reference to the education of the boys and girls of the Commonwealth who are of school age, and education is a subject with reference to which the Commonwealth has authority to prescribe. It is intimately connected with the good order and welfare of the people and is one of the chief subjects of governmental interest and care. The State having fixed the ages within which minors can work, the right to regulate the reasonable conditions of employment necessarily follows. The general employment certificates were intended to apply to those persons whose proficiency in school had been of such a character that the supplementary education provided for in the statute could take the place of that provided for in the general school system of the State. Such a classification is not unreasonable, but, on the contrary, is well adapted to accomplish the result intended, that is, to permit minors over fourteen years of age whose education is sufficiently advanced to work at industrial employment."

This decision recognizes the fact that the Child Labor Law and the School Code must be read together, and that the School Code provides for the education of only the children of this Commonwealth.

It is obvious that non-resident children have no right to the advantages of the Pennsylvania public school system. They cannot be admitted to the con-

tinuation schools mentioned in section 3 of the act, which are "part of the public school system of the school district wherein" such minors are employed. Therefore, when they come within the State for the purpose of working, they cannot procure, as a matter of right, the certificate contemplated by sections 8 and 9 of the Act of 1915. Such certificate may be issued only by Pennsylvania school officials, and obviously cannot be issued by such officials in the case of non-resident minors. (See section 9.) The logical result is that Pennsylvania children between fourteen and sixteen may procure employment certificates and work within this State. Non-resident children between fourteen and sixteen years of age cannot procure such a certificate as is required by the act, and, therefore, cannot work at all within the State of Pennsylvania, unless it be determined that their right to do so rests upon higher ground than the Act of 1915. I believe that it does.

Article IV, section 2, of the Constitution of the United States provides as follows: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

The privileges above referred to do not include, however, the right to attend school in any state other than that in which the child resides: Ward v. Flood, 48 Calif. 36; Wheeler v. Burrow, 18 Ind. 14; School District v. Bragdon, 23 N. H. 507; Haverhill v. Gale, 103 Mass. 104.

The 14th Amendment to the Constitution of the United States provides as follows: "Section 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. . . ."

In the case of Com. v. Snyder, 182 Pa. 630, the Supreme Court of Pennsylvania set aside an act which imposed a heavy license fee upon peddlers in Perry County, but exempted peddlers dealing exclusively with merchants of said county and merchants residing and having a regular place of business therein.

Mr. Justice Williams delivered the opinion of the court, saying, in part (page 633): ". . . It may be possible that under the Constitution of Pennsylvania such a law could be enforced. We have no need to consider that subject. It is so evidently a violation of the Constitution of the United States that it is unnecessary to consider any other question. It is a denial to citizens resident outside of Perry County of equal rights in business with those who live within the county, on the sole ground of their residence. It is a trade regulation for the protection of the merchants of that county against competition from all who live beyond the county lines. It is a barrier built by the State of Pennsylvania about a single county to exclude therefrom the citizens of the rest of the Commonwealth and the rest of the United States for the benefits of merchants living within the enclosure. This cannot be done: Welton v. Missouri, 91 U. S. 275; Sayre Borough v. Phillips, 148 Pa. 482. It is unnecessary to enlarge upon this question. It is enough to state the well-settled rule and apply it to the statute under consideration."

See, also, Mechanicsburg Borough v. Koons, 18 Pa. Superior Ct. 131.

In Ward v. Maryland, 12 Wallace, 418, 20 L. Ed. 449, the Supreme Court of the United States speaks thus of article IV, section 2, of the Constitution of the United States: "The clause plainly and unmistakably secures and protects the right of a citizen of one state to pass into any state of the Union for the purpose of engaging in lawful commerce, trade or business, without molestation, to acquire personal property, to take and hold real estate, to

Child Labor Law.

maintain actions in the courts of the state, and to be exempt from any higher taxes or excises than are imposed on the citizens of its own state."

The State has thus erected a barrier against non-residents from fourteen to sixteen years of age because, in the nature of things, it is impossible for such child to secure an employment certificate from the school authorities of Pennsylvania. The act is silent as to the effect of the certificate from the school authorities of other states. No system of comity has been worked out between the states in this respect.

I am mindful of the statement in the opinion of Attorney-General Brown (Jan. 3, 1916, 25 Dist. R. 79), to the effect that under the present act it would be the proper practice for the school authorities of the district in which a non-resident minor between fourteen and sixteen years of age may be employed to issue to him an employment certificate under which it would be lawful for him to be employed at work during such hours as are permitted by the act, but such a non-resident minor would not be required to attend a continuation school. See, also, opinion of Deputy Attorney-General Hargest (37 Pa. C. C. Reps. 155), in which it is stated that minors residing out of the State, who seek employment in Philadelphia, should, if qualified, be furnished with employment certificates by the Superintendent of Schools of Philadelphia.

These two opinions might apply satisfactorily, for instance, to children between fourteen and sixteen years of age who reside in Camden and who are regularly employed in Philadelphia. But who is to issue the certificate in the case of the theatrical child who may spend but two or three weeks within the borders of our State, and may divide that time among a dozen or more counties? Section 9 provides that such certificates shall be issued by certain school officials "for children residing within their respective public school districts." Section 17 requires a new certificate for each "establishment" in which the minor works. I am of the opinion that in such cases the minor is entitled to the protection of the Constitution of the United States, as above indicated, and that no interference with his activities by your department would be justifiable or legal.

You draw my attention to the opinion of Judge Snee, of the County Court of Allegheny County, No. 1283, 1921. This case is the only one that can be found, after very diligent search, in which a judicial opinion has been delivered in this State in regard to the application of the Act of 1915 to children engaged in theatrical work. The case involved the employment in a Pittsburgh theatre of two children, one of whom was eleven and one-half and the other eight and one-half years of age. The facts found in the case show that their performance required but forty minutes a day, twenty minutes in the afternoon and twenty minutes in the evening. The children traveled with their mother and were educated by a private governess in a thorough and even lavish way, available only to a very small proportion of the children of this country.

Relying upon the decision of the Supreme Court of the United States in the case of Trinity Church v. United States, 143 U. S. 457, 36 L. Ed. 226, Judge Snee held that children practicing an art were not engaged in work within the meaning or intent of the Child Labor Law of 1915. In our judgment, the decision of Judge Snee will not bear the test of the closest scrutiny. He had before him for consideration a most unusual case, the facts of which made the provisions of the Child Labor Law seem extreme and absurd and even cruel, but, unfortunately for the unusual case, the law makes no exception.

To summarize, I beg to advise:

Child Labor Law.

1. That your department can make no exceptions and can grant no exemptions from the application of the act, no matter how meritorious or appealing the circumstances of any particular case might be. The law gives the Industrial Board no power or authority to suspend the operations of the law.

2. No minor of less than fourteen years of age may be employed or engaged in any occupation within the Commonwealth of Pennsylvania, irrespective of the state of his residence.

3. No minor resident of Pennsylvania between fourteen and sixteen years of age may be engaged in this State in any occupation unless he has secured the employment certificate contemplated by the law.

4. Non-resident minors, between fourteen and sixteen years of age, who seek employment in this Commonwealth, whether regular or transient, cannot be compelled to furnish an employment certificate because they cannot be permitted, much less compelled, to attend Pennsylvania schools. To interfere with non-resident minors over fourteen years of age would be to impair their constitutional rights.

5. However, no minor between fourteen and sixteen years of age may work after 8 o'clock in the evening of any day: Section 4 of the Act of 1915.

From C. P. Addams, Harrisburg, Pa.