Wheeler and Others *v.* Burrow.

*Ross & Effinger*, for the appellant.

*Wm. M. Dunn* and *A. W. Hendricks*, for the appellees.

---

## WHEELER and Others *v.* BURROW.

The legal domicil and residence of a minor, not emancipated, is that of his parents.

Parents residing in another State, can not send their children into this State for the purpose of procuring an education, and enable them

to acquire such a residence here as will entitle them to admission into the common schools of this State, unless the circumstances are such as will create a *bona fide* legal residence here.

APPEAL from the *Vanderburgh* Common Pleas.

DAVISON, J.—This was a proceeding, by writ of mandate, instituted by *Mariah N. Burrow*, an infant, by her next friend, &c., against the School Trustees of the city of *Evansville*, to compel them to admit her into the public schools of that city. The complaint upon which the writ is based, alleges that she, *Mariah*, is more than five and less than eighteen years of age, has resided in said city for at least one year, and now resides therein, in the family of one *Marcus Sherwood*, but under the control of her brother, one *Aaron Burrow*, who is her guardian by appointment of this Court. That said *Aaron Burrow* has repeatedly sought, and endeavored to get permission of the defendants, who are the Trustees of the common schools in said city, to send her, *Mariah*, to one of said schools. But the trustees utterly refused to permit her to attend any of the common schools in that city as a scholar. Wherefore she prays the writ of mandate, &c.

The trustees, in answer to the writ, allege: 1. That the father and mother of *Mariah N. Burrow* are living, and are residents and domiciled in *Tennessee*. Wherefore she, *Mariah*, can not have a residence in the State of *Indiana*, and is not, therefore, entitled to admission into said schools. 2. That the father and mother of *Mariah N. Burrow* are residents and domiciled in *Tennessee*, and she, *Mariah*, was brought to the city of *Evansville* from the residence of her father, by said *Aaron Burrow*, who has kept her in said city for the purpose of educating her in the common schools therein. And that, for the purpose of giving color to her pretended residence, the said *Aaron*, only two days before the commencement of this suit, procured his appointment as her guardian, though

she had no estate in *Indiana.* Wherefore the defendant says, that the residence of *Mariah N. Burrow* is not *bona fide,* and she is not entitled to be admitted into the common schools of said city, &c. Plaintiff demurred to the answer. The Court sustained the demurrer, and rendered final judgment, awarding a peremptory mandate, &c. Defendants appeal to this Court.

The only question to settle is, had the plaintiff, in view of the facts stated in the defendant's answer, a right to admission as a scholar into a common school of the city of *Evansville?* The act, on the subject of common schools, contains these provisions. Sec. 8: "The Board of Trustees shall take charge of the educational affairs of the township, employ teachers, and shall establish and conveniently locate, a sufficient number of schools *for the education of the children therein.*" Sec. 10: "The trustees shall on or before the 20th of *September,* in each year, make *an enumeration of the children within their respective townships,* distinguishing those between the ages of five and twenty-one, and the sex to which the children belong, and excluding married persons," &c. Acts 1855, pp. 162, 163. And section 24, of the same act, applies its provisions to incorporated cities. *Ib.* p. 166. The complaint alleges, and the answer in effect concedes, that plaintiff had resided in the city of *Evansville* for more than one year prior to the application to the trustees to admit her into the school; that she was unmarried, and between the ages of five and twenty-one. Now if these were the only facts in the case, it was evidently the duty of the trustees to have included her in their annual enumeration, and she could not, therefore, be legally excluded from the beneficial purposes of the school law.

But, as has been seen, the demurrer admits that the plaintiff's father and mother reside—and are domiciled—in *Tennessee,* and that her residence, in *Evansville,* is not *bona fide;*

but was assumed, merely, for the purpose of an education in the common schools of that city. Hence it is insisted that, in point of law, the plaintiff has no domicil in this State, and that the statutory provisions referred to, entitle no children— save those domiciled in the township—to be enumerated by the trustees, or to admission into the common schools.

As a general rule, "the domicil of a minor, not emancipated, is that of his parents;" 1 Am. Lead. Cases, 714; 13 Ind. 167; and we perceive nothing in the facts before us, tending to make this case an exception to the rule. Evidently, the domicil of the plaintiff was in *Tennessee,* not in *Indiana;* and she was not, therefore, in legal contemplation, a resident of the city of *Evansville.* Nor was it competent for the plaintiff, either by the assent, or even compulsion, of her parents, to become such resident, on purpose, merely to acquire an education.

But the statute says: "The trustees of the township shall establish, &c., a sufficient number of schools for the education of the children therein," and "shall make an enumeration of the children within their respective townships." This, literally construed, would embrace all children who might be within the township at the time such schools were established, or such enumeration was made. We are not, however, inclined to adopt that construction. The whole enactment plainly intends that the children who reside, or are domiciled in the township in which such enumeration is made, are alone entitled to participate in the benefit of the common schools therein established. It follows, the plaintiff having her domicil without the State, was rightly excluded by the school trustees of *Evansville.*

*Per Curiam.*—The judgment is reversed, with costs.

*Wheeler* and *Iglehart,* for the appellant.

*Jones* and *Blythe,* for the appellee.