PAULINA BINDE, Appellant, v. CONRAD KLINGE *et al.,* Respondents.

St. Louis Court of Appeals, April 10, 1888.

PUBLIC SCHOOLS—NON-RESIDENT PUPIL.—A minor who is neither an orphan nor an apprentice, and whose parents reside without the school district, is not entitled to attend a public school without payment of tuition fees, although having a home, more or less permanent, within the district.

APPEAL from the Phelps Circuit Court, HON. C. C. BLAND, Judge.

*Affirmed.*

BROADHEAD & HAEUSSLER and EMIL ROSENBERGER, for the appellant: The child "Paula" was a resident of Hermann within the meaning of the school law. No period of time is required to gain residence, it is the *animus manendi,* and the question of domicile does not arise. Const. of Mo., art. 11, sec. 1; 1 Burrill's Law Dict. 72; 2 Bouvier Law Dict. [11 Ed.] 465; *Bank v. Cooper,* 40 Mo. 169; *Johnson v. Smith,* 43 Mo. 499; *Warren v. Thomaston,* 43 Me. 406; *School Dist. v. Pollard,* 55 N. H. 503; *Taney's Appeal,* 97 Pa. St. 30; *Lacy v. Williams,* 27 Mo. 280. Plaintiff's grandchild should have been enumerated in 1886, as a resident pupil. Const. of Mo., art. 11, sec. 1; Rev. Stat., chap. 150.

L. F. PARKER, for the respondents: The plaintiff is not the real party in interest, and being under no legal obligation to educate the child Paula, is not a proper party to this suit. The child, Paula Muehl, is not "resident" within the school district of the town of Hermann. Rev. Stat., 1879, sec. 7045, as amended by Acts of 1885, p. 240; *Lacy v. Williams,* 27 Mo. 280.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding in equity to restrain the defendants, who constitute the directors of the school district of the town of Hermann, in Gasconade county, from refusing to Paula Muehl the privilege of attending the said public school without the payment of tuition as a non-resident pupil. Several interesting questions arise upon the record, which we think it unnecessary to consider, because we have come to the conclusion that upon an interpretation of section 7045, Revised Statutes, as amended by the act of March 28, 1885 (Laws of 1885, p. 240), the child Paula was not, under the undisputed evidence, entitled to attend the school without the payment of tuition as a non-resident pupil. The statute, as amended, reads as follows : " The board shall have power to make all needful rules and regulations for the organization, grading, and government in their school district ; said rules to take effect when a copy of the same, duly signed by a majority of the board, is deposited with the district clerk, whose duty it shall be to transmit, forthwith, a copy of the same to the teachers employed in the schools ; said rules may be amended or repealed in like manner. They shall also have the power to suspend or expel a pupil, whenever, upon due examination, they become satisfied that the interest of the school demands such expulsion, and may admit pupils not residents within the district, and prescribe the tuition fee to be paid by the same: provided, that whenever persons, residing in one district, are permitted to send to school in another district in which they pay a school tax, they shall have credit on the amount charged them for tuition by the amount of tax they pay in such district for teachers' salaries and current expenses ; and be it further provided, that orphan children, or any children bound as apprentices, shall have the privilege of attending school in any district in the state of Missouri in which they may find

a permanent or temporary home, without paying a tuition fee."

The evidence shows that the plaintiff, Mrs. Binde, is a widow, sixty-seven years of age, living in her own house at Hermann, where she has lived for forty-four years; that the child Paula is a grand-daughter of the plaintiff; that the plaintiff has no children or other persons living with her except the child Paula; that the plaintiff is feeble and it is necessary to have some one with her; that, prior to a period ante-dating the trial about two years, another grand-daughter lived with her, who returned to her mother, at which time Paula came to live with her in the place of the other grandchild, and had lived with her continuously for two years preceding the trial. The father of Paula lives in Montgomery county, in Missouri. It is an unavoidable conclusion upon the evidence that Paula is residing permanently with the plaintiff, because of her being the grandchild of the plaintiff, and because of the feeble health and dependent condition of the plaintiff; and her father testifies that it is the intention that she shall so reside until the plaintiff dies or the child gets married. The evidence entirely excludes the conclusion that Paula has been sent from her father's home in Montgomery county merely to obtain the advantage of a better school at Hermann.

There is a well-understood distinction between domicile and residence. Where the question is one of domicile and concerns a minor, the rule is that the domicile of the parent is the domicile of the child. *Lacy v. Williams*, 27 Mo. 280. The school law speaks of residence, and not of domicile. Section 7049, Revised Statutes, provides for an enumeration of children "resident in the district"; and the section above quoted, which governs the question before us, empowers the directors to admit pupils "not residents within the district and prescribe the tuition fee to be paid for the same." In view of the use of the word "resident" in the statute, if the statute stood as it was before the

amendment of 1885, we should have considerable diffi-
culty in saying that a child, who has come to live permanently with its grandmother without any expectation
of returning to its parental residence while the grand-
mother lives or while the child, being a female, remains
unmarried, and who has not been sent there merely for
the purpose of acquiring the privileges of a better
school than exists at her actual domicile, is not a "resi-
dent" of such school district, although her father may
reside elsewhere in the state with the remaining portion
of his family, as in this case. But the act of 1885, as
above seen, adds a proviso extending the privilege of
attending school to a certain class of non-residents in
the following language: "That orphan children, or any
children bound as apprentices, shall have the privilege
of attending school in any district in the state of Mis-
souri in which they may find a permanent or temporary
home, without paying a tuition fee." By thus admitting
to the privilege of attending school without the pay-
ment of tuition a class of non-residents whose claim to
be regarded as residents, on general principles, is
stronger than that of the child here in question, the
legislature necessarily exclude the idea that other non-
resident children are entitled to the privilege. This pro-
viso to the statute seems to determine the question
against the plaintiff, in conformity with the maxim,
*expressio unius exclusio alterius.* As the child Paula
is neither an orphan nor bound as an apprentice, it
seems that she is excluded from the privilege of attend-
ing the school at Hermann without the payment of
tuition, by this amendatory proviso, which must be
regarded as a legislative interpretation of the whole
statute.

There are difficulties attending the question, whether
viewed from the standpoint of the plaintiff, or from
that of the defendants in this case. The policy of pre-
serving a system of free public schools for the gratui-
tous instruction of all persons in this state between the

ages of six and twenty years, is founded in the language of the constitution itself (Const. Mo., art. 11, sec. 1); and unquestionably the statutes enacted in pursuance of this provision ought to be liberally interpreted with the view of accomplishing the object named. On the other hand, it is well known that some communities in the state, more wealthy, more public-spirited, or more disposed to tax themselves to foster a good system of common-school instruction than other communities, are burdened by migrations of children from other communities, who, on various pretexts, seek to avail themselves of the superior privileges which their schools afford without the payment of tuition. The statute, as it now stands, has the advantage of drawing a well-defined line between those who are entitled to attend and those who are not. Children, other than orphans and apprentices, whose parents are domiciled out of the school district, are excluded.

Judge Rombauer concurring, the judgment is affirmed.