CASE 48—ACTION BY N. K. FOSTER AGAINST THE BOARD OF EDUCATION OF WINCHESTER FOR A MANDAMUS TO ADMIT A PUPIL WITHOUT PAYMENT OF TUITION FEES.—OCT. 21.

# Board of Education of City of Winchester v. Foster, &c.

APPEAL FROM CLARK CIRCUIT COURT.

FROM ORDER GRANTING WRIT DEFENDANT APPEALS. REVERSED.

SCHOOLS—NON-RESIDENT CHILDREN—FREE TUITION.

Held:   1. Kentucky Statutes, 1899, section 3588, authorizes cities of the fourth class to establish a system of public schools for the

benefit of children residing in the city between certain ages and maintain them by a tax levied on the taxpayers of the city; and section 3605 declares that no child of persons residing beyond the city limits shall be admitted to the schools except on payment of tuition. HELD, that free school privileges under such sections were limited to children who were bona fide residents of the city.

2. Where a child of school age, whose parents resided in another State, went to live with her uncle, who was neither her guardian, curator, nor committee, and she was not apprenticed to him, and he had no control over her, and only assumed responsibilities in connection with her care while she resided in his family, or until she arrived at twenty-one years of age, she was not a bona fide resident of the city where her uncle resided, so as to be entitled to free admission to the schools of such city under Kentucky Statutes, 1899, section 3588, limiting the benefit of such schools to bona fide residents.

BECKNER & JOUETT, ATTORNEYS FOR APPELLANT.

The appellee's petition alleges that Gertrude N. Price was an infant within the school age; that her parents resided in the State of Virginia; that she had no guardian, curator or committee residing in this State, and that she is residing with her uncle, N. K. Foster, in Winchester; that he has undertaken to clothe, support and maintain her as a member of his family until she is twenty-one years of age, and that she has agreed, with the consent of her parents, to live with him until she is twenty-one years of age; and upon this allegation he asks a mandamus requiring appellant to admit her to the public schools of Winchester without payment of tuition fees which had been demanded of her.

Under the statutes applicable to fourth class cities, the appellant board has power to admit pupils to said schools "from beyond the limits of the city, and may collect therefrom tuition fees for the benefit of the schools of the city, making deduction of taxes for school purposes on property in said city paid by parents of said children, and no children of persons residing beyond said limits shall be admitted as pupils in any of said schools except on payment of such tuition fees as said board may require." Ky. Stats., sec. 3605.

Gertrude Price is in no sense a resident of Winchester or Kentucky. Mr. Foster is not her guardian. She may leave at any time and he can not restrain her. He admits he has undertaken to educate her, but this he is not doing when he undertakes to force her into the public schools where he lives with-

out the payment of tuition fees which the plain letter of the law requires. Rogers v. Trustees, 11 R., 935.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellee, N. K. Foster, a resident and taxpayer of the city of Winchester, brought this suit, praying that a writ of mandamus issue requiring the defendant, the Board of Education of the city of Winchester, to admit his coplaintiff, Gertrude N. Price, into the public schools of the city as a pupil without the payment of tuition fees which had been demanded of her by the defendant. In the original petition Gertrude N. Price united as a coplaintiff, and it is alleged, in substance, that she is a niece of N. K. Foster, and has for three years continuously resided with him as a member of his family; that the uncle, N. K. Foster, agreed with her parents, who reside in Virginia, to board, clothe, educate, and treat her as one of his own children so long as she continued a member of his family. In an amended petition it was alleged that the uncle had agreed with the niece that he would clothe, support, and maintain her as a member of his family until she was twenty-one years of age, and as much longer as she desired; and the niece had agreed, with the consent of her parents, to reside with him as a member of his family until she arrived at the age of twenty-one years; and that she now intended to do so, or so long as the uncle continued to reside in the city. The defendant filed a general demurrer to the petition as amended on the ground that it did not state facts sufficient to support a cause of action. The demurrer was overruled, and, declining to plead further, judgment was entered requiring the defendant to admit plaintiff Gertrude N. Price into the public schools of the city of Winchester as a pupil at the public expense without requiring the payment of tuition fees, and the defendant has appealed.

A determination of the questions raised by the appeal involves the construction of sections 3588 and 3605 of the Kentucky Statutes. of 1899, provisions in the charter of cities of the fourth class, to which appellant belongs. By section 3588 appellant is authorized to establish a system òf public schools for the benefit of the children residing in the city between the ages of six and twenty years, and to maintain them by a tax levied upon the taxpayers of the city. This section plainly restricts the benefit of such schools to children who are in good' faith residents of the city. That such was the purpose of the statute is also shown by section 3605 of the statute, which authorizes the board of education to admit to the schools pupils from beyond the 'limits of the city upon the payment by them of reasonable tuition fees for the benefit of the schools of the city. The last clause of this section provides "that no child of persons residing beyond the city limits shall be admitted as a pupil in any such schools except on payment of such tuition fees as the board may require." The powers of the board of education in the maintenance and regulation of public schools are limited by the terms of the statute, and there would have been no just ground of complaint if the Legislature had failed to provide for the admission of children residing outside of the city at all, as these schools are maintained by special local taxation for the benefit of the children of persons who are subject to be taxed for their maintenance. And section 3212, Kentucky Statutes, 1899, which is a provision of charters of cities of the second class relating to the maintenance of public schools, contains no provision for the admission of children who are not *bona fide* residents of the city to public schools. In our opinion, the averments of neither the original nor amended petition

state a good cause of action. It appears by express allegation that the parents of Gertrude Price reside in Virginia. There is no averment that her uncle is her guardian, curator, or committee, or 'that she has been apprenticed to him, or that he has any control over her; and his assumed responsibilities in connection with her are only to continue so long as she resides in his family, or until she arrives at the age of twenty-one years. But there is no legal obligation upon either to perform this alleged agreement. In Rogers v. Trustees, etc., 11 R., 935; 13 S. W., 587, this court said: "The fact that children outside of the districts are allowed to attend school is not objectionable, because they are required to pay their tuition, and are not allowed to enjoy the benefits resulting alone from the imposition of the tax. They are made to pay, and must be compelled to pay as the act provides." In Inhabitants of Haverhill v. Gale, 103 Mass.,104, under a statute similar to ours, but which did not authorize the admission to the public schools of children whose parents resided beyond the city, it was held that the city was not authorized to open its schools to children whose parents or guardians resided in another State, and, if they did so, no promise of the parents or guardians to pay for tuition could be enforced. In Binde v. Klinge, 30 Mo. App., 285, under a similar statute, it was held that a minor, who was neither an orphan nor apprentice, and whose parents resided without the school district, was not entitled to attend the school, although he had a home, more or less permanent, within the district. In School District No. 1 v. Bragdon, 23 N. H., 507, it was held that children who were sent into a district by their father to reside with an aunt under indentures of apprenticeship, but which were made only for the purpose of sending the children to school, were liable to

action by the district.  In Wheeler v. Burrow, 18 Ind., 14, it was held that parents residing in another State, by sending their children to Indiana for the purpose of procuring an education, did not obtain for them the right of admission in the common schools of the State.  In Gardner v. Board of Education, 5 Dak., 259, 38 N. W., 433, it was held that where one who owned a farm, which had been his domicile, took his family to a city for the purpose of taking advantage of its schools, his children did not acquire a residence to entitle them to the privileges of the city schools. In our opinion, the averments of neither the original nor amended petition show that appellee Gertrude Price is a *bona fide* resident of the city of Winchester, and it is expressly alleged that her parents reside in Virginia.  Her admission free to the public schools would violate not only the express letter, but also the spirit of the statute, as it was plainly the purpose of the General Assembly in the enactment of the statute that the benefit accruing from the maintenance of such schools should be limited to *bona fide* residents of the city, on whom the burden for their maintenance is cast.

The circuit judge erred in his construction of the statute, and the judgment is reversed, and cause remanded for proceedings consistent with this opinion.