STATE EX REL. FLAUGHER *v.* ROGERS ET AL.

[No. 28,390.   Filed March 3, 1948.]

*Delph L. McKesson* and *Marshall F. Kizer*, both of Plymouth, for appellant.

*Roy Sheneman*, of Walkerton, for appellees.

O'MALLEY, J.—This is an attempt to mandate school authorities to permit the children of the appellant to attend the Walkerton-Lincoln Township Consolidated School without the payment of tuition.

The appellant had operated a business in Walkerton for 18 years; had received his mail at that place; and had during the last year operated a restaurant in that city. It also appears that for a great number of years the appellant owned a farm, part of which was located in Polk Township, Marshall County, Indiana, and part of which was located in Lincoln Township, St. Joseph County, Indiana; that the appellant had three children

between 11 and 16 years of age who attended the Walkerton-Lincoln Township Consolidated School on transfer from Polk Township, Marshall County, Indiana, and tuition for whom was paid by that township until 1943; that there was a change in trustees in 1943 and thereafter requested transfers were refused; and that the appellant then paid the tuition and continued to send his children to the Walkerton school. A few days before March 1, 1946, the appellant was notified that tuition had not been paid for the current term and that unless payment was made by March 1, 1946, the children would be refused permission to continue in the school. Thereupon, requests were again made to the trustee of Polk Township for transfers and the payment of tuition, but the trustee refused both requests. On March 5, 1946, the children were denied admission to classes in the Walkerton school. During the 15 years prior to 1946 the family lived in Polk Township on the farm, but during the year 1945 to 1946, ate their meals in Walkerton at the appellant's restaurant. On March 9, 1946, the appellant rented a room in Walkerton and he and his wife signed a declaration that they henceforth considered themselves legal residents of that town, and they then registered for voting purposes and did vote in the May primary of 1946.

The three children presented themselves for attendance at the Walkerton school on different occasions in March of that year but were on each occasion refused admittance to the school. After a formal demand for admittance of the children, the appellant, as relator, filed this action for mandate to compel the admission of his children to the Walkerton school without the payment of tuition. The action was based on the theory that he had become domiciled in Walkerton and that

his domicil was the domicil of his children, although he continued to operate the farm and his children continued to live at the farm home.

The court found the facts specially and then filed conclusions of law which denied any relief to the appellant.

It may be stated that a person may reside one place but have his domicil in another. It may also be said that a domicil is a fixed residence to which one intends to return if he goes somewhere else for residence for a particlular purpose or for a limited time. A person has but one domicil, and that continues until a domicil is created at another place. There cannot be two domicils for one person. To change or effect a change in domicil there must be an actual moving with the intent to go to the given place and there to remain. It must be an intention coupled with acts evidencing that intention to make the new domicil a home in fact. 28 C. J. S., § 11 (c), p. 17; *State ex rel.* v. *Scott* (1908), 171 Ind. 349, 358, 86 N. E. 409, 412; *Restatement of the Law of Conflicts* § 9, p. 17.

The case of *Wheeler and Others* v. *Burrow* (1862), 18 Ind. 14, involved the domicil of a minor whose parents resided in Tennessee and who came to Indiana with the hope of securing an education in our public schools. While it was said that the domicil of the child was that of its parents it did not declare that to be absolute in all cases.

In *Culbertson* v. *The Board of Commissioners of Floyd County* (1876), 52 Ind. 361, 368, it was held that:

"'Actual residence, that is, personal presence in a place, is one circumstance to determine the domicil, or the fact of being an inhabitant; but it is far from being conclusive.'"

It has been held that there must be the intention to abandon the old domicil; the intention to acquire a new one; and residence in the new place, in order to accomplish a change of domicil. *Hayward* v. *Hayward, Admr.* (1917), 65 Ind. App. 440, 115 N. E. 966, 116 N. E. 746.

Both the appellant and the appellees seem to place some emphasis on the case of *Croop* v. *Walton* (1927), 199 Ind. 262, 157 N. E. 275. In that case the court was concerned with the matter of taxation. Walton sued to enjoin the collection of taxes in Elkhart County. He had a domicil in Michigan from 1899 to 1916. In 1915 he purchased a house in Elkhart because a daughter had some martial trouble and he desired to make a home for her at that place. The daughter died in 1916, and from then on he and his wife lived in the house so purchased. In 1915 he sold his home in Michigan but during all the time he lived in Elkhart he went to Michigan each day to attend to his business and continuously voted in that state. He also registered at hotels as a resident of Michigan. The court held that an abandonment of the first domicil with the intention of living permanently or indefinitely in another is necessary to change the domicil. The county officials were enjoined because Walton had not abandoned his domicil in Michigan and therefore did not acquire one in Indiana.

In the instant case, the children did not change their residence or living habits; they continued to care for the stock on the farm in Marshall County; the household goods remained as they were; and the appellant merely moved himself and wife and personal clothing and slept in the room in Walkerton. The declaration of intention to become a resident of Walkerton while the tuition matter was under discussion was somewhat

self-serving. While there was some change in the living conditions of the family, it cannot be said that there was no basis for the conclusions of law which were filed by the trial court. A question of fact, involving intention, was presented to the court and the finding, which is not questioned, does not compel a conclusion different from that reached by the trial court.

It seems to us that the declared intention of becoming a resident voter of Walkerton, done after the commencement of the difficulties in regard to the question of the school tuition of his children, was not such as to force the conclusion that he thereby lost his domicil in Marshall County and acquired one in St. Joseph County.

It has been held by this court that on appeal we do not weigh the evidence and where the decision is against the one with the burden of proof it is incumbent on him to show that the evidence is all one way and that but one conclusion can be taken therefrom, which conclusion is contrary to the one reached by the trial court. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905.

In *Rowe* v. *Johnson* (1945), 223 Ind. 289, 291, 60 N. E. 2d 529, 530, this court said:

> "It is only 'Where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached a contrary conclusion,' that the verdict or decision will be disturbed as being contrary to law."

The burden of proof was on the appellant. The finding, when considered in the light of the holdings of this and other courts of last resort, does not force a conclusion contrary to that reached by the trial court.

Under such circumstances, this court cannot disturb the decision reached below.

The judgment of the trial court is therefore affirmed.

Note.—Reported in 77 N. E. 2d 594.