360 So.2d 259 (1978)
BANK OF LOUISIANA
v.
James F. NASH, Sr. a/k/a J. F. Nash, Sr.
No. 9213.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
David D. Duggins, New Orleans, for plaintiff-appellee.
Frank S. Bruno, New Orleans, for defendant-appellant.
Before SCHOTT, BEER and GARSAUD, JJ.
GARSAUD, Judge.
This is an appeal from a decision of the trial court which held that certain machinist's tools belonging to defendant-appellant were not exempt from seizure as tools of his trade pursuant to R.S. 13:3881(2). The trial court was of the opinion that defendant had retired from the machinist's trade and that the tools were not used to earn a livelihood.
Plaintiff had sued defendant originally for $1,359.15, the major portion of which represented an amount owed on defendant's Mastercharge credit card account. A default judgment was entered against defendant and a writ of fieri facias was issued to have defendant's assets seized to satisfy the judgment. After the seizure, on a rule to show cause, defendant's claim that the seized tools were tools of his machinist's trade was denied. This appeal followed.
The record is noticeably devoid of evidence addressed to this point. What evidence there is, however, does support the trial court's finding.
Defendant Nash, now over 62 years of age, last worked as a machinist in August of 1975. He maintains that as a result of illness, he has been unable to pursue his occupation as a machinist. Over the last three years, he has earned about fifteen dollars in toto on two small jobs using his tools and has received storage space rentfree from his landlord by doing odd jobs for him. The use of the storage space is worth *260 about five dollars a month. His major sources of income are a military disability payment and Social Security benefits, which together amount to between five hundred and six hundred dollars a month.
Although it is well settled that temporary non-use of tools creates no presumption against the owner, Skelley v. Accounts Supervision Co., 53 So.2d 520 (La.App.2d Cir. 1951), and Lafourche Ice & Shrimp Co. v. Gilbeau, 185 So. 310 (La.App. 1st Cir. 1938), nevertheless in this case the principle is simply not applicable because, other than defendant's own articulated hope, the evidence does not support any reasonable inference that the tools will be used again in the machinist trade. This is the conclusion of the trial court and we find no manifest error in his finding. Accordingly, we affirm. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
AFFIRMED.