**In re A.W. BAKER and Ralph Spigener, Debtors.**

**Bankruptcy Nos. 585–01161–507, 585–01162–507.**

United States Bankruptcy Court, W.D. Louisiana, Shreveport Division.

Feb. 23, 1987.

Keith M. Welch, Shreveport, La., for Jerry O. Bass, trustee.

Randy D. Elkins, Minden, La., for debtor.

## REASONS FOR DECISION

WESLEY W. STEEN, Bankruptcy Judge.

### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Western District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). The United States District Court for the Western District of Louisiana referred all such cases to the Bankruptcy Judges for the district and ordered the Bankruptcy Judges to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(O); pursuant to 28 U.S.C. § 157(b)(1), a Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

### II. Facts

These proceedings involve the trustee's objection to claims of exemption filed by the Debtors. The cases are separate, but the reasons for decision are so similar that they are consolidated in a single opinion.

Involuntary bankruptcy petitions were filed against the Debtors on July 8, 1985. An order for relief was entered January 6, 1986. An appeal of the order for relief is pending.

Section 521 of the Bankruptcy Code requires the debtor to file a schedule of assets and liabilities. Bankruptcy Rule 4003 requires the debtor to list the property claimed as exempt; the claim must be made on the schedule of assets required to be filed by Bankruptcy Rule 1007. That rule requires the debtor to file the appropriate schedules, and thus to claim the appropriate exemptions, within fifteen days after the entry of the order for relief in an involuntary case. However, the statute does not provide for a preemptory date on which the claim of exemptions must be filed; the Bankruptcy Rules do not contain such a requirement.

▆ The Debtors did not file schedules and did not claim exemptions. The trustee filed schedules and the Debtors subsequently filed amendments to the schedules that included claims of exemption. The trustee has objected to all claims of exemption on the grounds that the claims of exemption were not timely filed.

Bankruptcy Rule 1009 provides that a schedule or a statement of financial affairs "... may be amended by the debtor as a matter of course at any time before the case is closed." The Advisory Committee note to the Rule states that the Rule continues in force the "permissive approach adopted by former Bankruptcy Rule 110 to amendments of voluntary petitions and accompanying papers." *Collier on Bankruptcy*, 15th Ed., ¶ 521.07 summarizes the jurisprudence with respect to this "permissive approach" as follows:

> "The schedules may be amended to include a claim of exemption, if the amendment is seasonably offered. While no hard and fast deadline for amending schedules has been established, an amendment exempting additional property should be made before the period for objections to the trustee's report has ended, thereby insuring that no assets sought to be exempted are administered as non-exempt."

In these cases, the claim of exemption has been made prior to any substantial administration of the estate, liquidation of property, or disposition of cash raised by the trustee. The claims of exemption were certainly "made before the period for objections to the trustee's report has ended." Therefore, it appears under the established jurisprudence and the Bankruptcy Rules

permitting amendments to schedules that the claims of exemptions are timely made.

### III. A.W. Baker Case

In the Baker case, the trustee objected to four claims of exemption:

(1) Household furniture and furnishings;

(2) Two power chain saws;

(3) A 1981 Ford Courier;

(4) Life insurance proceeds.

At hearing, the trustee and the Debtor agreed upon a list of household furniture and furnishings that were exempt; the list was read into the record and was to be supplied to the Court in writing. In addition, at the hearing the Debtor and the trustee agreed to defer a determination of the exemption of life insurance proceeds pending a determination by the United States District Court for the Western District of Louisiana concerning the entitlement to the life insurance proceeds and the correct beneficiary of those proceeds. The two issues left for decision, therefore, are the exempt status of the power chain saws and the 1981 Ford Courier.

█ The Debtor testified that he uses those two assets in a trade or business that involves the cutting, transportation, and sale of firewood. It would appear from the testimony that the Debtor's revenues from that trade are approximately $3,000 per year; it also appears that the Debtor's expenses might be equal to or possibly in excess of the revenues derived from the trade.

La.R.S. 13:3881(A)(2) provides that property necessary to the exercise of a trade, calling, or profession by which an individual earns his livelihood is exempt to the extent that the property constitutes "tools" or "instruments."

There apparently can be circumstances in which the income derived from a trade is so small that the property necessary to the exercise of that trade will not be considered exempt under the cited statutory authority.[1] However, where the income is substantial, the established Louisiana jurisprudence holds that the trade need not be the debtor's sole trade and that the trade need not provide a "substantial portion" of the Debtor's income in order to constitute a trade or profession sufficient to justify the exemption of its tools.[2]

There is no clear test for determining when the income derived from an activity is sufficient to justify the exemption of assets in the activity as tools of a trade or business. The evidence presented at this trial indicated that the amount of income produced from the sale of firewood was within the "marginal additional income" doctrine discussed in *Hanks, supra.* Therefore, I conclude that the power chain saws and the Ford Courier are exempt property as tools of the trade.

### IV. Ralph Spigener Case

In the Spigener case, the trustee also objected to four items:

(1) Household goods;

(2) A 1984 Chevy Blazer;

(3) A mobile home;

(4) Life insurance.

█ The testimony at the hearing indicated that the household goods claimed as exempt consisted of a chair and table worth approximately $100, or less. I conclude that these assets constitute "living room, bedroom, and dining room furniture" used by the Debtor. Therefore they are exempt under the authority of La.R.S. 13:3881(A)(4)(a). The Debtor testified that the vehicle was also used in a firewood business, and I conclude that it is exempt for the reasons discussed above. The life insurance issue was likewise reserved to determination of the initial issue by the district court.

█ That leaves for determination in the Spigener case the issue of exemption of the mobile home. Several different legal arguments were advanced by the trustee with regard to the mobile home and why the home should not be considered to be exempt.

1. *Bank of Louisiana v. Nash,* 360 So.2d 259 (La.App., 4th Cir., 1978).

2. *In the Matter of Hanks,* 11 B.R. 706 (D.C., W.D.La., 1977).

The Debtor testified that he moved into the mobile home at the end of August, 1985, after having been separated from his wife. The Debtor further testified that he had never owned the land on which the mobile home was located.

The trustee first argued that the mobile home is not exempt since the Debtor does not own the land on which it is located. At first blush it would appear that the homestead exemption requires the ownership of land and buildings located upon the land. However, that has not been the jurisprudence, which has apparently consistently interpreted the statute to mean that a building is exempt as a homestead (assuming it otherwise qualifies) regardless of whether the Debtor also owns the land on which the building is located.[3]

However, the entitlement to an exemption under state law is determined as of the time the bankruptcy petition is filed.[4] Section 522(b), § 541(a): "as of the commencement of the case."

The Debtor testified that he moved into the mobile home and began to occupy it as his residence *after* the case was filed. Since the Debtor was not entitled to a homestead exemption regarding the trailer on the date that the case was commenced, he may not exempt the trailer; the trustee's objection is sustained.[5]

The trustee shall submit orders in accordance with this opinion. The trustee shall first submit the order to counsel for the Debtor who shall concur or object to the text of the order while reserving the right to appeal the decision.

---

**3.** *In the Matter of Hanks, supra,* and the cases cited therein: *Cloud v. Cloud,* 127 So.2d 560 (La.App., 3d Cir., 1961); *In re Vincent,* 28 F.2d 396 (1928).

**4.** See 3 Bkr-L Ed. § 22:65 and the plethora of cases cited at footnote 30.

**5.** *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924).