In the Matter of Otto G. BURNS, Debtor.

Bankruptcy No. 97–40508.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Lafayette.

Jan. 14, 1998.

Marshall Crawford, Lafayette, IN, for Debtor.

Margaret Robb, Lafayette, IN, trustee.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

■ Debtor is a 98 year old man in poor health. He became incompetent in January of 1997. His daughter, Ruth Lockwood, acting through a power of attorney, filed a petition for relief under Chapter 7 on his behalf. The matter is before the court for a decision following trial of the issues raised by the trustee's objection to Debtor's claimed exemption for residential real estate. Debtor's right to the exemption is determined as of the date of the petition, *In re Baker,* 71 B.R. 312, 315 (Bankr.W.D.La.1987), and the trustee bears the burden of proving that it has not been properly claimed. Fed. R.Bankr.P. 4003(c).

Real estate located at 1313 Wabash Avenue, Lafayette Indiana has been claimed exempt, to the extent of $7,500, as Debtor's residence. I.C. 34–2–28–1(a). The trustee has objected to the exemption, arguing that the property does not constitute Debtor's residence. Debtor acknowledges that he does not live in the exempted property, but defends the exemption with the contention that his absence is involuntary, due to poor health, and he has never intended to abandon that home as his residence.

Debtor has not lived at the Wabash Avenue property since he and his wife moved into a nursing home more than three years ago. Since then, he has been in nursing homes, hospitals or living with his daughter, Mrs. Lockwood. On the date of the petition Debtor was residing with her, at her home, and had been doing so since his wife's death in the summer of 1996. As rent, Debtor pays his daughter $111 per month and also pays for many of her household expenses, including the cable television, telephone, gas, water softener, and car repairs. Due to his advanced age and failing health, Debtor is not able to live on his own and requires around the clock care, which his daughter provides. The property Debtor claims as exempt is occupied by his other two daughters, who pay the property's taxes.

■ Indiana has exercised its opportunity to opt out of the federal bankruptcy exemptions. *See* 11 U.S.C. § 522(b). Its citizens may only claim exemptions in the property specified by Indiana law. I.C. 34–2–28–0.5. Consequently, whether or not Debtor is entitled to his claimed exemption for residential property is a question of state law.

Indiana permits an exemption of up to $7,500 in "real estate or personal property constituting the personal or family residence of the debtor or a dependant of the debtor ...". I.C. 34–2–28–1(a). The present dispute turns upon what constitutes such a residence. The phrase is not defined by the statute and neither the parties' briefs nor the court's own research has discovered any Indiana cases addressing its meaning. The trustee reads the statute as referring to the place where one actually lives. Debtor would essentially equate residence with domicile, by arguing for a construction that does not depend upon physical presence but focuses more upon the debtor's intent or where the debtor considers its residence to be. The dispute is not surprising as the two concepts are closely associated, *see State ex rel. Flaugher v. Rogers,* 226 Ind. 32, 77 N.E.2d 594, 595 (1948) (residence is one circumstance to determine domicile), and the terms are sometimes used interchangeably. *See State Election Board v. Bayh,* 521 N.E.2d 1313, 1317 (Ind.1988). Nonetheless, they are distinct.

■ "Domicile" means "the place where a person has his true, fixed, and permanent home and principal establishment, and to which he has, whenever he is absent, the intention of returning." *Bayh,* 521 N.E.2d at

1317. *See also* Black's Law Dictionary, 6th Ed. Once acquired, a domicile is presumed to continue until a new one is established. *Bayh,* 521 N.E.2d at 1317. To change one's domicile requires actual relocation, combined with an intent to go to a given place and remain there. Consequently, a person may be absent from their domicile for long periods of time without losing it, so long as a new domicile is not acquired. *Id. See also, Flaugher v. Rogers,* 77 N.E.2d at 595.

■■■ Residence is different from domicile. While domicile focuses largely upon one's intent to remain at or return to a given place, residence focuses more upon actual physical presence. "While ordinarily used in a sense of fixed and permanent abode, as distinguished from a place of temporary occupation, the term 'residence' does not include the intention required for domicile." Collier on Bankruptcy ¶ 522.06.[1] Residence is the "place where one actually lives or has his home; a person's dwelling place or place of habitation." Black's Law Dictionary, 6th Ed. While a person may have more than one residence, they may have only one domicile. Consequently, a person's residence may be at one place, while their domicile may be at another. *Flaugher v. Rogers,* 77 N.E.2d at 595.

■■■ Indiana's exemption statute uses both domicile and residence to determine who may take advantage of this state's exemption laws and what may be claimed as exempt. "[A] debtor domiciled in the State of Indiana" is entitled to claim certain property as exempt. I.C. 34–2–28–1. That property includes "the personal or family residence of the debtor ...". I.C. 34–2–28–1(a). The Indiana General Assembly was undoubtedly aware of the difference between the two terms and used residence in paragraph (1)(a) to mean something different from domicile as

used in paragraph (1). Its decision to do so should be respected. The court concludes that I.C. 34–2–28–1(a) applies only to the property where the debtor or its dependants actually reside. It is not sufficient that the property constitutes the debtor's domicile.

■■■ Debtor did not live in the property, which he claims exempt as his residence, on the date of the petition and he had not done so for at least three years. This undisputed fact is sufficient to rebut the presumed propriety of the claimed exemption and "shifts to the debtor the burden of producing evidence to show, as a matter of fact, that the property for which the exemption is claimed serves as a 'residence' for [him] or [his] dependant[s] ...." *In re Hollar,* 79 B.R. 294, 296 (Bankr.S.D.Ohio 1987). Furthermore, in light of Debtor's absence, the fact that his daughters occupy the property as tenants, paying the property's taxes, also operates against the claim that the property constitutes Debtor's residence.[2] *See In re Bradshaw,* 125 B.R. 782, 786 (Bankr.E.D.Wis. 1991).

Debtor's case in support of the claimed exemption consists of Mrs. Lockwood's testimony that he did not intend to abandon that property as his residence when he originally left it and the argument that, since due to his present condition he is not able to live on his own, his absence is involuntary. Mrs. Lockwood's testimony concerning her father's intent is not only self-serving, *see Moneer,* 188 B.R. at 27; *Bradshaw,* 125 B.R. at 786, but also largely irrelevant, given that residence turns more on actual physical presence than on intent. As for the argument that Debtor's absence is involuntary due to his poor health, the evidence does not warrant that conclusion. The relevant time to determine whether Debtor left the property voluntarily

---

1. Although Indiana's statute does not use the term, another concept frequently associated with exemptions is homestead. Like domicile, a homestead exemption has an intent component, *see e.g., In re Bratty,* 202 B.R. 1008, 1009 (Bankr. S.D.Fla.1996); *In re Moneer,* 188 B.R. 25, 27 (Bankr.N.D.Ill.1995); *In re Bradshaw,* 125 B.R. 782, 784–85 (Bankr.E.D.Wis.1991); *In re Johnson,* 61 B.R. 858, 865 (Bankr.D.S.D.1986), which residence lacks.

2. Even though the property may not be the debtor's residence, Indiana's exemption statute permits the exemption to be claimed if the property is the "residence of ... a dependant of the debtor ...". I.C. 34–2–28–1(1)(a). In this case, however, there is no evidence or argument that the two daughters who occupy the home are dependants of the debtor.

or involuntarily[3] was as of three years ago, when he and his wife moved into a nursing home. The evidence presented to the court, however, related to Debtor's present condition. Furthermore, although Debtor may very well need around the clock attention, there seems to be no compelling reason why he must live at Mrs. Lockwood's home to receive it. She apparently could provide her father with the same type of care by moving into his home, rather than he into hers, or he could live with his other two daughters, without changing anyone's living arrangements. It seems that Debtor's present location may be more a matter of everyone's convenience than Debtor's necessity.

Given the evidence concerning Debtor's intent, the property at 1313 Wabash Avenue, Lafayette Indiana may well be Debtor's domicile; the court cannot, however, find that it is his residence. The trustee's objection to Debtor's claimed exemption for residential real estate is sustained and the exemption for that property will be denied.[4] An appropriate order will be entered.

---

3. The court accepts, solely for the purposes of argument, Debtor's contention that if one leaves their residence due to circumstances beyond their control, this will not lead to the loss of the exemption they might otherwise be able to claim for the property. The Indiana courts have not addressed the issue and, since the evidence does not bring Debtor within such a rule, this court need not do so.

4. Sustaining the trustee's objection does not necessarily preclude Debtor from claiming an exemption in the property. Since it is not his residence, the property could be claimed as exempt, through I.C. 34–2–28–1(b) as "other real estate . . .".